## REALTY CONSTRUCTION CO. v. KENNEDY.

1. CONTRACTS—PERFORMANCE—TIME—WAIVER—QUESTION OF LAW.
   In an action by a contractor against a subcontractor and
   its surety for failure to complete the work contracted
   for, where the undisputed evidence showed that the sub-
   contractor did not begin the work at the time agreed upon,
   and that its delay was the fault of the contractor, *held*,
   that the court did not err in deciding as a matter of law
   that both parties by their conduct waived the provision
   of the contract regarding time of performance.[1]

2. APPEAL AND ERROR — DAMAGES — LACK OF PROOF — HARMLESS
   ERROR.
   In an action by a contractor against a subcontractor and
   its surety for failure to complete the work contracted
   for, an instruction that defendant could recoup no damage
   for the delay of plaintiff because there was no evidence
   as to the amount thereof, if misleading, was harmless
   error, where defendant claimed no such damages.[2]

3. PRINCIPAL AND SURETY — CONTRACTS — DEVIATION MUST BE
   MATERIAL AND RESULT IN INJURY TO RELIEVE PAID SURETY.
   It is not enough, to relieve a paid surety from liability,
   that there was a deviation from the terms of a contract,
   but, in such case, it must be a material deviation, and
   one which results in injury to it.[3]

4. TRIAL—CONTRACTS—INSTRUCTIONS—QUESTION FOR JURY.
   In an action by a contractor against a subcontractor and
   its surety for failure to complete the work contracted
   for, defendants' requested instruction that, if there was
   any deviation from the contract to which the surety was
   not a party and had no knowledge of, no recovery could
   be had against the surety, was properly refused, where
   the testimony was conflicting as to whether the surety
   knew of and expressly consented to the deviation.[4]

Error to Genesee; Black (Edward D.), J.      Sub-

[1]Waiver, 40 Cyc. p. 270; [2]Appeal and Error, 4 C. J. § 3013;
[3]Principal and Surety, 32 Cyc. p. 188; [4]Principal and Surety, 32
Cyc. p. 139.

mitted January 6, 1926. (Docket No. 29.) Decided April 14, 1926.

Assumpsit by the Realty Construction Company against N. J. Kennedy and Thomas Rycenga, co-partners as the American Plastering Company, principals, and the Fidelity & Casualty Company of New York, surety, for breach of a building contract. Judgment for plaintiff. Defendants bring error. Affirmed.

*Bishop, Kilpatrick & Weaver,* for appellants.

*Farley & Selby* and *Carton & Stewart,* for appellee.

BIRD, C. J. Plaintiff is a construction company. It secured the contract for the erection of a high school building in the city of Saginaw. It sublet the work of lathing and plastering of the building to defendant. Defendant did not finish the work, and, it is claimed, did not comply with the contract in that part of the work which it did perform. Plaintiff began this suit to recover its damage for such failure. The jury assessed its damage at the sum of $28,592.21. Defendant assigns error.

The contract between plaintiff and defendant made the drawings and specifications in the contract between plaintiff and the school board, so far as applicable, a part of it. It provided that the defendant should begin work on June 15, 1922, and should finish the work by October 1, 1922. Plaintiff's contract with the school board contained a stipulation that plaintiff should finish the work by October 1, 1922, and that it should be liable to pay the school board $100 per day for all delay beyond that date. Defendant was given notice of this provision in its contract with plaintiff. Defendant did not commence the work on June 15, 1922, as stipulated, but did start the work on July

31st without protest.    The delay in starting the work appears to have been the fault of the plaintiff in not having the building ready for lathing and plastering on that date.

1. The trial court charged the jury that:

"I charge you, as regards to the time of the commencing of the work, the American Plastering Company going on there and commencing work on July 31st, was a waiver between the parties as to the stipulated time on or about June 15th. * * * I say to you, under the law, after they went on with the work, that was a waiver as far as the time was concerned. * * *

"I think I have charged you that any waiver of the contract between these parties is binding upon both parties, even though the testimony does not show that there was any writing or agreement outside of these written contracts that have been entered into.    I charge you, when men go on, and change dates affecting their work, as these parties did, *both parties waive the terms that were entered into their written contract.*    What I mean by that, if the American Plastering Company went on this job on July 31st, and commenced work there, they waived the fact they should commence there on June 15th; they need not have gone at all but they did go.    And the fact that the job was not completed on October 1st, as named in the contract, was waived by the Realty Construction Company; they waived that part of the contract because they permitted these people to go on and continue this work."

Counsel complain of these instructions because the question of waiver was not left to the jury.    When the testimony is not in conflict there is usually no question for the jury.    But suppose the question had been left to the jury, what facts would they have found different than the evidence showed?    They could have found nothing except that the contract provided the defendant should commence work on June 15th, but that it did not commence work until July 31st, and the delay was the fault of the plaintiff.    There was

no dispute about this, and, therefore, we think the question of waiver was one for the court.    40 Cyc. p. 270; 27 R. C. L. p. 912; *Cobbs* v. *Fire Ass'n,* 68 Mich. 465-467; *Bayer* v. *Winton Motor Car Co.,* 194 Mich. 222-233; *Schwier* v. *Assurance Co.,* 227 Mich. 104, 110.

In any event we fail to see the harm to defendant. This instruction simply put the plaintiff in a position where it could not complain of defendant for not finishing the job by October 1, 1922, and put the defendant in the position where it could not complain of plaintiff for not having the building ready so it could proceed on June 15th.    Defendant could have refused to go on with the work when plaintiff failed. to have the building ready for it by June 15th.    It did not refuse, however, to proceed with the work on July 31st.    The court appears to have charged the law, and the ruling at the most was not very important to either.

2. The second error complained of is the charge of the trial court on the question of damages:

"Now it is the claim of the defendant that, at the time they commenced the work, there was not sufficient area to practically go there and work on; that they put all the men on the job that was practicable from a business standpoint to work upon the job.    They further claim that owing to the moisture or wetness of the building that it was not policy for them to proceed with the work more rapidly, because moisture would come through from the plaster above, and it might be the means of rusting their lath.    They also claim that the windows were open, and the water also came in from there, which was damage to them.    They also stated that there was some rain came in, and wet some plaster, but there has been no evidence to you as to what that damage was, whether it was $1, $100 or $1,000.    I say to you as jurors you cannot speculate when the parties to the suit do not give you the amount they claim to be due; you cannot speculate as to what damage was done to that plaster.    They

say it was wet, some of it, by the water coming into the windows."

Counsel say at no time did it claim damages; that no notice of recoupment was given by it; that the proof upon this question was injected, not for the purpose of recovering damages, but to show the reason for the delay in the work.    If the defendant claimed no damage on that account, and the court charged it could recover no damage, we are unable to see how any harm was done.    Counsel's suggestion is that it was misleading to the jury.    If this be so, it was so harmless that no reversible error resulted.

3. The following requests were proffered and refused:

"(a) I further charge you that if you find that there was any deviation from the contract of April 7, 1922, which was attached to the bond in question, by reason of any agreement between the Realty Construction Company and the American Plastering Company prior to January 29, 1923, to which the Fidelity & Casualty Company was not a party to and had no knowledge of, you must return a verdict of no cause of action as against the Fidelity & Casualty Company.

"(b) I charge you that if the Realty Construction Company failed to notify the Fidelity & Casualty Company after it had commenced advancing money for pay rolls and material, and then after serving the notice upon the Fidelity & Casualty Company of January 29, 1923, the Realty Construction Company permitted the American Plastering Company to continue with the plastering work until March 10, 1923, and that this is established by the evidence, then I charge you that the Realty Construction Company was estopped from asserting any rights under the bond in question, and the Fidelity & Casualty Company cannot be held liable."

The court did charge on this question that:

"*Third.* I further charge you that if you find that there was any deviation from the contract of April 7, 1922, which was attached to the bond in question,

by reason of any agreement between the Realty Construction Company and the American Plastering Company prior to January 29, 1923, to which the Fidelity & Casualty Company was not a party to and had no knowledge of, you must return a verdict of no cause of action as against the Fidelity & Casualty Company."

This charge was more favorable to defendant than it should have been.    It is not enough that there is a deviation from the terms of the contract, but it must be a material deviation with a paid surety, and one which results in injury to it in order to release it from liability.  *People, for use of Contracting Co.,* v. *Bowen,* 187 Mich. 257.    For this reason the requests proffered should not have been given. ·  Another reason why the request should have been refused was because it was shown that Mr. Harris, who represented the casualty company, knew of the deviation and expressly consented to it.    It is true he denied knowledge or consent.    This made it a question for the jury.

There are other assignments of error which have been examined and considered, but we think they are not well taken.

The judgment is affirmed.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.