Hillsborough, }
Jan. 4, 1927. }

### Eufim Login *v.* Sam Waisman & *a.*

The keeper of an animal known by him to be dangerous is liable only for intentional injuries or for those caused by the keeper's failure to discharge a duty of care owing by him to the person injured thereby.

The declarations of an alleged agent are incompetent to establish his agency.

If a party bribe a witness to absent himself from a trial, such conduct may be construed as an admission that the testimony would be unfavorable or as evidencing a consciousness of a weak case; but such conduct is persuasive rather than probative in its effect, and is not a substitute for proof of facts.

Case, for personal injuries resulting from the kick of a horse. Trial by jury. At the close of the plaintiff's evidence the defendants' motion for a nonsuit was granted by *Sawyer,* C. J., and the plaintiff excepted.

The plaintiff's evidence tended to prove that the defendants' horse was stabled in a barn belonging to one Rovner which was hired jointly by the defendant Sam and one Kamenker. Upon the day of the accident the plaintiff went to the barn with Kamenker, one Lashuck and two other men. He backed the horse out of the stall where it was hitched, gave it water and then returned it to the stall. As he was coming out of the stall, the horse kicked him. Three days before the accident the same horse had kicked Rovner. The plaintiff offered to testify that Kamenker told him that he was employed by the defendant Sam and that the defendant had sent him, Kamenker, to procure the plaintiff to take care of the horse. This testimony was excluded, and the plaintiff excepted.

The plaintiff also offered the testimony of one Waligura "that some time in May following the accident Mike Lashuck came to his store and told him that he was leaving the jurisdiction; that Sam Waisman had paid him money to leave the jurisdiction; and that he didn't care if Login lost two legs; that he had got his from Waisman." This testimony was excluded and the plaintiff excepted. Further facts appear in the opinion.

*Maurice F. Devine* and *John E. Tobin* (*Mr. Tobin* orally), for the plaintiff.

*Osgood & Osgood* (*Mr. Clinton H. Osgood* orally), for the defendants.

BRANCH, J. 1. The plaintiff contends that even if he occupied the status of a trespasser at the time of the accident he is entitled to go to the jury upon the admitted evidence, under the rule laid down in *Marble* v. *Ross*, 124 Mass. 44, that "the law holds the keeper of an animal known to be dangerous, which injures another, to the same degree of responsibility as in cases of wanton injury." The law is otherwise in this jurisdiction. The plaintiff must prove "either that the *intention* was unlawful, or that the defendant was *in fault*." *Brown* v. *Collins*, 53 N. H. 442, 451. In order to make out a case for the jury the plaintiff was bound to produce evidence of some relationship between the parties which would impose upon the defendants a duty of exercising care for the protection of the plaintiff. No such evidence was offered unless it is to be found in the testimony which was excluded.

2. For the purpose of establishing such a relationship the plaintiff offered to testify that in undertaking to water the horse as he did he acted upon the request of Kamenker and that Kamenker told him he had been sent by the defendants to employ the plaintiff for this purpose. In so far as the offered testimony tended to show that Kamenker acted as the agent of the defendants in procuring the services of the plaintiff, it was pure hearsay and clearly inadmissible for the purpose of proving the fact of agency. *Clough* v. *Company*, 75 N. H. 84; 2 Wig. Ev., s. 1078. No other evidence of Kamenker's agency was produced and hence his alleged declarations could not bind the defendants. Since the offered testimony was not admissible for the purpose of supplying the missing link in the plaintiff's chain of evidence, it is not necessary in considering the question of the nonsuit to determine whether it might be admissible for other purposes, *i. e.*, to explain the plaintiff's conduct or to contradict Kamenker.

3. A deputy sheriff testified that he had attempted to make service of a subpoena upon Mike Lashuck, who was a witness to the accident, but that he was unable to find him. The plaintiff then offered the testimony of Waligura above set forth. It is argued that this testimony was admissible (*a*) "under the *res gestae* rule" and (*b*) as an admission against the "penal interest" of Lashuck; and that if admitted it would have proved an admission of liability on the part of the defendants which would in itself have entitled the plaintiff to go to the jury.

The use of "the much-abused phrase '*res gestae*'" (2 Wig. Ev., s. 1078), renders the plaintiff's argument somewhat obscure. See 3 Wig. Ev., ss. 1795–1797, on the use of this phrase. The "penal in-

terest" suggestion probably involves a change in the existing law. 2 Wig. Ev., ss. 1476–1477. It is unnecessary to pass upon the validity of these arguments, however, for it is plain that the offered testimony if it had been admitted would not have entitled the plaintiff to go to the jury.

The substance of this testimony was that the defendant Sam had bribed a witness to leave the state. The failure of an opponent to produce an available witness is always a fair subject of comment and a fortiori the bribing of a witness to absent himself may be construed as an admission that the testimony of the witness would be unfavorable. Story v. Railroad, 70 N. H. 364. It may also be regarded as evidencing a consciousness of a weak case. 1 Wig. Ev., ss. 277–278. See also Graham v. Weber, 79 N. H. 393, 398. But evidence of such conduct is chiefly persuasive as distinguished from probative in its effect, and proof that a witness is absent or that he has been kept away by the other side cannot take the place of proof of necessary facts. 2 Chamb. Ev., s. 1070 b; Hammon Ev., s. 42; Arbuckle v. Templeton, 65 Vt. 205. If the evidence of Waligura had been admitted, it would not have relieved the plaintiff from the necessity of proving the essential facts of agency and negligence upon which his case depended. Therefore, plaintiff's argument that "the excluded evidence would tend, in and of itself, to show that Waisman in procuring the absence of a witness from the jurisdiction impliedly admitted that Kamenker acted under his authority and in his behalf in inviting Login to the stable to take care of this vicious animal" cannot be adopted.

The logical unsoundness of plaintiff's argument is further demonstrated by reference to the facts regarding Lashuck's connection with the case. So far as appears from the record, his knowledge of the case was confined to what he observed of the accident at the barn. It does not appear that he had any knowledge whatever as to the authority of Kamenker. There is no logical basis for an argument that by procuring the absence of a witness the defendant admitted facts about which the witness could not have testified if present. The nonsuit was properly ordered.

*Exceptions overruled.*

All concurred.