KENNEDY *v.* DASHNER.

1. INSURANCE—AUTOMOBILES—NOTICE OF CLAIM—DELAY—PREJU-
DICE.
  A delay of 47. days in acquiring knowledge of a claim under
  automobile insurance policy requiring insured to give notice
  "as soon as practicable" *held*, not a violation of the insur-
  ance contract precluding recovery by .injured party, as gar-
  nishment plaintiff, even though such notice was not given by
  the insured, in the absence of a showing insurer was preju-
  diced by such delay.

2. SAME—AUTOMOBILES—DELAY IN GIVING NOTICE OF CLAIM—PREJ-
UDICE—FINDING OF COURT—EQUALLY DIVIDED COURT.
  Finding of trial court in nonjury garnishment proceeding that
  insurer under automobile insurance policy was not prejudiced
  by fact that there was a lapse of 47 days before it acquired
  knowledge of claim and because insured, who was not present
  at scene of accident, did not cooperate with insurer by being
  present at trial or by granting permission to interview his
  minor son, the driver of the car, in prison, is affirmed by an
  equally divided court.

Appeal from Superior Court of Grand Rapids;
Taylor (Thaddeus B.), J. Submitted April 10, 1947.
(Docket No. 48, Calendar No. 43,681.) Decided De-
cember 3, 1947. Rehearing denied January 5, 1948.

Garnishment by Louis V. Kennedy against John
Dashner, principal defendant, and Preferred Auto-
mobile Insurance Company, garnishee defendant, to
reach money due on an insurance policy. Judgment
for plaintiff. Garnishee defendant appeals. Af-
firmed by an equally divided court.

*Robert S. McAllister,* for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin,* for garnishee defendant.

BUSHNELL, J. (*for affirmance.*)   On June 22, 1945, plaintiff Louis V. Kennedy, while crossing Division avenue in the city of Grand Rapids, was struck by an automobile owned by defendant John Dashner and driven by his son, Kenneth. Kenneth was subsequently found guilty of leaving the scene of an accident, and sent to prison.

On August 8, 1945, 47 days after the accident, plaintiff's attorney wrote the garnishee defendant, Preferred Automobile Insurance Company, notifying them of the accident and suggesting a discussion of a possible settlement. On August 14, 1945, the insurance company replied, stating that they had no report of the accident. They did not receive a report from their insured, John Dashner, until August 31, 1945.

Suit was instituted by Kennedy against Dashner on September 19, 1945, which the insurance company defended after first having advised Dashner that no liability was assumed by them. Dashner was notified by the insurance company of the date of the trial and told to be present. When he failed to appear, he was again notified of the adjourned date and urged to cooperate in the defense of the case. This second notice was sent by registered mail and again Dashner failed to appear. The case was tried without him and plaintiff obtained a verdict in the sum of $5,000.

On May 15, 1946, the instant garnishment action was instituted and later tried by the court without the aid of a jury. The trial judge found in favor of the plaintiff and a judgment of $5,000 was entered against defendant insurance company.

In support of its denial of liability, defendant in-surance company urged the following defenses: Failure to comply with the conditions of the policy, which required the insured "as soon as practicable" to give "written notice of any accident, claim, loss or suit;" failure "to appear at the trial and at all times render all possible cooperation and assistance."

The controlling question presented on appeal is whether a notice received by the insurance company 47 days after an accident satisfies the contractual obligation to give a notice "as soon as practicable."

Plaintiff's right to recover against the garnishee is generally dependent on the principal defendant's right to so recover. *Musser* v. *Ricks,* 271 Mich. 174, and *Zabonick* v. *Ralston,* 272 Mich. 247. But see *Iden* v. *Huber,* 259 Mich. 3.

Appellant relies, among other authorities, on *Oakland Motor Co.* v. *American Fidelity Co.,* 190 Mich. 74, where a judgment in favor of plaintiff was reversed without a new trial. The insurance policy in that case required that:

"Upon the occurrence of an accident, the insured shall give immediate written notice thereof, with the fullest information obtainable, to the agent by whom this policy has been countersigned, or to the company's home office."

An accident occurred on May 4, 1912, but the first notice which plaintiff gave to its insurer was on August 15, 1912, after suit had been commenced. The operator of the motor vehicle had previously left plaintiff's employ and his whereabouts was unknown. As a result of plaintiff's neglect to promptly notify the insurer, the latter was prejudiced by being deprived of the testimony of a most important

and material witness for the defendant in the principal suit. We concluded, though constrained to do so, that, as a matter of law, under the undisputed evidence, plaintiff failed to give timely notice of the accident and claim in compliance with its contract agreement.

The instant case presents a different situation. The policy involved requires that the notice is to be given "as soon as practicable." Notwithstanding the difference in the language of the policies of insurance in the instant and the *Oakland Motor Company* cases, the general meaning of the terms has been held to be a reasonable time, dependent upon the facts and circumstances of the case. See authorities annotated in 76 A. L. R. beginning at page 23, especially page 46 *et seq.* Admittedly, insurers are entitled to an opportunity to investigate claims and adequately prepare their defense. Here, the insurer was put on notice 47 days after the accident when it received a letter from plaintiff's attorney. An inquiry at the local police department would have disclosed considerable information with respect to the claim. The terms of the insurance contract are strictly construed in favor of the insured, *Pawlicki* v. *Hollenbeck,* 250 Mich. 38, and we cannot say that 47 days' delay in acquiring knowledge of a claim is a violation of the insurance contract even though such notice was not given by the insured.

The record does not disclose that Dashner could have been of any assistance at the trial if he had been present. He was not an occupant of the car at the time of the accident, and probably could have offered no testimony pertaining thereto.

It is argued that Dashner's failure to disclose the whereabouts of his minor son Kenneth, the driver of the car, and his failure to grant permission to interview him in prison, breached the contract of in-

surance. Kenneth's whereabouts was known to the insurance company prior to the trial of the principal case and his deposition could have been taken, or he could have been produced as a witness upon proper showing to the trial court. 3 Comp. Laws 1929, § 15200 *et seq.* (Stat. Ann. § 27.2244 *et seq.*).

In short, the record wholly fails to show in any particular where the insurer's rights have been prejudiced in any respect. Furthermore, the trial court found that apellant had notice sufficiently in compliance with the terms of the policy, and that, after such notice, appellant appeared and defended the principal case.

The judgment of the trial court is affirmed, with costs to appellee.

SHARPE, REID, and NORTH, JJ., concurred with BUSHNELL, J.

DETHMERS, J. (*for reversal.*) I do not concur in the opinion of Mr. Justice BUSHNELL.

The policy expressly provides, as a condition precedent to liability, that the assured shall, as soon as practicable, give the insurer written notice of any accident thereunder. This Court has given recognition to such provision as a condition precedent to liability. *Oakland Motor Co.* v. *American Fidelity Co.,* 190 Mich. 74. Assured failed to give the insurer notice of the accident in question until 70 days after its occurrence and the insurer's first knowledge of the accident came by means of a letter from plaintiff's attorney received 47 days after the accident. No showing is made in the record to explain, justify or excuse assured's delay despite the burden reposing on the assured or plaintiff in that respect. *Rushing* v. *Commercial Casualty Insurance Co.,* 251 N. Y. 302 (167 N. E. 450). It can only be concluded

that the delay was inexcusable. In consequence, it must be held that assured did not give the insurer notice "as soon as practicable," as required by the policy.

The requirement of the policy that notice be given "as soon as practicable" and similar provisions in policies for immediate notice, et cetera, are commonly construed as calling for notice within a reasonable time. *Vanderbilt* v. *Indemnity Insurance Co. of North America*, 265 App. Div. 495 (39 N. Y. Supp. [2d] 808); *Empire State Surety Co.* v. *Northwest Lumber Co.*, 121 C. C. A. 527 (203 Fed. 417); *Bartel's Brewing Co.* v. *Employers' Indemnity Co.*, 251 Pa. 63 (95 Atl. 919). Even under such construction it seems to me that we are constrained to hold that the assured did not fulfill the condition precedent in the policy. Notice given by the assured 70 days after the accident or by plaintiff's attorney after 47 days was not notice within a reasonable time. See *Phillips* v. *Stone*, 297 Mass. 341 (8 N. E. [2d] 890); *McCarthy* v. *Rendle*, 230 Mass. 35 (119 N. E. 188, L. R. A. 1918 E, 111); *Associated Indemnity Corporation* v. *Garrow Co.*, 39 Fed. Supp. 100, affirmed (C. C. A.), 125 Fed. (2d) 462; and *Foster* v. *Fidelity & Casualty Company of New York*, 99 Wis. 447 (75 N. W. 69, 40 L. R. A. 833) in which cases the courts held that notices of accidents, as required by insurance policies, after unexplained delays varying from 20 days to a month were not given within a reasonable time.

I am not in accord with Mr. Justice Bushnell's view that a showing of prejudice to the insurer's rights, resulting from assured's failure to give notice within a reasonable time, is essential to the insurer's defense. In the case of *St. Louis Architectural Iron Co.* v. *New Amsterdam Casualty Co.*, decided by the eighth circuit court of appeals, 40 Fed.

(2d) 344, and in which certiorari was denied, 282 U. S. 882 (51 Sup. Ct. 86, 75 L. Ed. 778), assured failed to give insurer notice of accident for four months. The court not only held that such notice was not given within a reasonable time, but said:

"We·think that, where by the contract between the parties the giving of the specified notice is a condition precedent to liability, a showing by the casualty company of prejudice to its rights is not necessary to its defense."

While the question was not squarely before this Court, we have expressed adherence to the same view in the case of *Exo* v. *Detroit Automobile Inter-Insurance Exchange,* 259 Mich. 578, and defined insurer's rights as follows:

"It is true that it is entitled to all reasonable notice, and failure to give it would release defendant from liability. *Oakland Motor Co.* v. *American Fidelity Co.,* 190 Mich. 74; *Wisconsin Michigan Power Co.* v. *General Casualty & Surety Co.,* 252 Mich. 331 (76 A. L. R. 1)."

Plaintiff cites *Grinnell Realty Co.* v. *General Casualty & Surety Co.,* 253 Mich. 16; *Realty Construction Co.* v. *Kennedy,* 234 Mich. 490, and *Rose* v. *Ramm,* 254 Mich. 259, to the effect that a showing of prejudice in this connection is necessary to the insurer's defense. These are surety cases in which the obligee as well as the principal and surety are parties to the contract and the surety has a right to recover against the principal for any loss paid to the obligee. In the instant case the plaintiff stands in the shoes of the assured (*Musser* v. *Ricks,* 271 Mich. 174) and the insurer has no right to recover against the assured for losses paid by it on the assured's behalf. The risks involved in surety cases are of a character different from those assumed under an accident pol-

icy as to which prompt notice is so essential to the preparation of a defense.

As stated by Mr. Justice WIEST, speaking for the Court in *Jackson* v. *State Mutual Rodded Fire Insurance Co.*, 217 Mich. 301:

"It is axiomatic that parties may make such a contract for insurance as they may see fit provided the same does not contravene any provision of law."

The condition precedent to liability incorporated into the policy contravenes no provision of law. It is stated in clear and unambiguous terms. No claim is made of fraud or misrepresentations with respect thereto. Under such circumstances it is not the province of the court to write a new or different contract of insurance between the parties for the purpose of limiting the condition precedent to liability, in a manner never intended nor agreed upon by the parties, solely to those instances in which the insurer's rights have been prejudiced by its nonperformance.

Breach of the condition precedent in the policy requiring assured to give notice of the accident as soon as practicable, or within a reasonable time, constitutes a complete bar to plaintiff's right to recovery without necessity for a showing of resultant prejudice to defendant by reason of the delay.

But it is clear that defendant's rights were prejudiced by assured's failure to give notice of the accident within a reasonable time. In that connection defendant stresses the case of *Oakland Motor Co.* v. *American Fidelity Co., supra*. The opinion of Mr. Justice BUSHNELL indicates that that case is distinguishable from the instant case in the respect that in that case prejudice to insurer's rights was shown by reason of the disappearance of a material witness during the period while assured delayed

giving notice. But in the instant case assured's delay prevented the insurer from securing a statement promptly from a material witness, the plaintiff himself, before he retained an attorney and had time to think over the case, discuss the legal principles involved and justify his position. In that respect the insurer's rights were no less prejudiced than in the *Oakland Motor Company Case,* for, as was said in *Malloy* v. *Head,* 90 N.H. 58 (4 Atl. [2d] 875, 123 A. L. R. 941):

"It is common for a freshly injured man to say that the accident was not the fault of the assured, only to change his mind later with the full approval of the jury. Such situations continually arise, many of them with no taint of fraud. They are the daily problems of insurers. This is the well known situation concerning which the parties have contracted."

Finally, I am impressed that assured's failure to attend the trial in the principal suit, as required by the policy, could not have failed to prejudice insurer's rights. The fact that assured was not a witness to the accident is not conclusive of the matter. The situation presented by his absence from the trial of the case before a jury is well described in *Glens Falls Indemnity Co.* v. *Keliher,* 88 N. H. 253 (187 Atl. 473), in which the court said:

"With reference to the defendants' third contention, the trial court found as follows: 'Counsel have asked for a finding that the failure of Mr. Keliher to cooperate did not adversely affect the result.' * * *

"In view of the court's finding that it is 'more probable than otherwise that liability would have been established if Mr. Keliher had testified,' counsel for the defendants argue that his absence from the trial did not harm the defendant, and,

therefore, that his refusal to cooperate was not material.

"There are both practical and theoretical answers to this argument. Every person familiar with the trial of cases by jury knows that the case of an individual defendant is seriously, if not hopelessly, prejudiced by his absence from the trial. Such absence, if not adequately explained, is a circumstance, 'chiefly persuasive as distinguished from probative in its effect' (*Login* v. *Waisman*, 82 N. H. 500, 502 [136 Atl. 134, 136]), which normally affects the decision of the jury upon all questions submitted to them. Even if the liability of a defendant were admitted or conclusively established, it cannot be doubted that the mental attitude of the jury in assessing damages would be influenced by his unexplained absence from the courtroom. Due regard for the current demand for realism in the administration of the law does not permit the adoption of the defendants' argument that the plaintiff was not prejudiced by Keliher's absence from the trial of the case against him.

"The theoretical answer to the defendants' argument, which is equally complete, was well stated by Cardozo, J. in *Coleman* v. *New Amsterdam Casualty Company*, 247 N. Y. 271 (160 N. E. 367, 369, 72 A. L. R. 1443), as follows: 'The argument misconceives the effect of a refusal. Co-operation with the insurer is one of the conditions of the policy. When the condition was broken, the policy was at an end, if the insurer so elected. The case is not one of the breach of a mere covenant, where the consequences may vary with fluctuations of the damage. There has been a failure to fulfill a condition upon which obligation is dependent.' "

Judgment should be reversed without a new trial, with costs in both courts to garnishee defendant and appellant.

BOYLES, J. (*for reversal*). I agree with the first part of the opinion of Mr. Justice BUSHNELL wherein he writes in effect that prejudice to the rights of the insurer is a necessary element to be considered in determining whether there has been an unreasonable delay in giving notice of the accident to the insurer "as soon as practicable." This follows the rule laid down by this Court in cases involving a like question regarding the giving of notice to fire insurance companies, before the rule was changed by statute as applied to fire insurance companies but not as to automobile insurance —*Tubbs* v. *Dwelling-House Ins. Co.,* 84 Mich. 646; *Hall* v. *Concordia Fire Ins. Co.,* 90 Mich. 403; *Steele* v. *German Insurance Company of Freeport, Illinois,* 93 Mich. 81 (18 L. R. A. 85); *Rynalski* v. *Insurance Company of the State of Pennsylvania,* 96 Mich. 395.

However, I agree with the second part of Mr. Justice DETHMERS' opinion holding in substance that under the facts in this case such prejudice was actually shown, as a result of which the case should be reversed. For that reason alone I concur with Mr. Justice DETHMERS in reversal.

CARR, C. J., and BUTZEL, J., concurred with BOYLES, J.