WELLER v. CUMMINS.

1. INSURANCE—AUTOMOBILES—NOTICE OF ACCIDENT—TIME—PREJU-
DICE.
   Prejudice to the rights of the insurer under an automobile in-
   surance policy is a necessary element to be considered in de-
   termining whether there has been an unreasonable delay in
   giving notice of an accident to the insurer in accordance with
   the terms of the policy.

2. SAME—AUTOMOBILES—FAILURE OF INSURED TO FORWARD NOTICE
   OF ACTION—PREJUDICE.
   Insurer under automobile insurance policy is not prejudiced by
   the insured's failure to forward to the insurer every demand,
   notice, summons or other process received by the insured,
   where it receives adequate and timely information of the acci-
   dent or the institution of an action against the insured for
   the recovery of damages otherwise than from the insured.

3. SAME—AUTOMOBILES—NOTICE OF ACTION—PREJUDICE OF INSURER.
   Insurer under automobile insurance policy was liable as gar-
   nishee defendant upon default judgment against its insured, en-
   tered October 21, 1948, for damages to plaintiff's building
   which resulted from a collision between its insured's car and
   another car on October 11, 1947, where insurer's agent was
   notified by the insured of the accident 2 days thereafter, in-
   surer settled a claim by the other motorist, insurer's adjuster
   reported to insurer on December 19, 1947 of the damage to
   plaintiff's building, and on February 24, 1948 of the fact
   that an action had been commenced against the insured and

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 5 Am Jur, Automobiles, §§ 549 et seq.
[1-3] Liability or indemnity insurance: Clause with respect to notice
   of accident, claim, et cetera, or with respect to forwarding suit
   papers. 76 ALR 23; 123 ALR 950.
[1-3] Act or default of additional insured in respect of giving notice
   of suit or delivery of suit papers to insurer, as affecting rights
   of named insured against insurer. 6 ALR2d 661.

the other motorist and on May 7, 1948 plaintiff's attorney asked insurer's adjuster to file an appearance in the action, notwithstanding insured, who had telephoned both insurer's agent and adjuster that the action had been commenced, did not forward the papers connected with the action, since the insurer was not prejudiced by the insured's failure in such particular.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted April 10, 1951. (Docket No. 55, Calendar No. 45,087.) Decided May 14, 1951. Rehearing denied September 5, 1951.

Garnishment by Louis Weller against Charles Cummins and another, principal defendants, and Dearborn National Casualty Company, garnishee defendant. Verdict for plaintiff. Judgment for garnishee defendant *non obstante veredicto.* Plaintiff appeals. Reversed.

*George A. Parmenter* and *William J. Balgooyen,* for plaintiff.

*Alexis J. Rogoski* and *Robert Bunker Rogoski,* for garnishee defendant.

SHARPE, J. This is a garnishment proceeding by which plaintiff seeks to enforce the payment by the Dearborn National Casualty Company, garnishee defendant, of a judgment under the property damage coverage of an automobile policy of insurance.

On September 23, 1947, the Dearborn National Casualty Company issued a policy of insurance to defendant Charles Lowder. The policy period was from September 23, 1947, to September 23, 1948, and insured for bodily injuries, property damage liability and contained the following provision:

"If claim is made or suit is brought against the insured, the insured shall immediately forward to

the company every demand, notice, summons, or other process received by him, or his representative."

On October 11, 1947, Lowder's automobile collided with an automobile owned by R. H. Lindeman and damaged plaintiff's building. On October 13, 1947, C. J. Rennells, an authorized agent of Dearborn National Casualty Company, was notified by Lowder of the collision. Subsequently, the Dearborn National Casualty Company settled with R. H. Lindeman for damages to his automobile as a result of the collision. This settlement was made and damages paid after R. P. Schulte, an attorney and representative of the insurance company, investigated the accident and advised Lowder that if any papers were served on him to notify him. On December 19, 1947, Schulte reported to the insurance company that he had inspected the premises of L. J. Weller, plaintiff herein, and reported:

"When assured's driver crashed into the car ahead, he drove it into the front of a building used by Louie's Auto Mart where they sell used cars and accessories. It broke in the entire north half of this building, plate glass window and all the sill."

On February 11, 1948, plaintiff, Louis Weller, began an action in the circuit court of Muskegon county against Lowder and others to recover damages for the destruction of his property. Defendant Lowder was served with a notice of this action. He immediately telephoned Rennells that an action had been instituted against him and he also telephoned the office of Schulte and gave that office the same information. On February 24, 1948, Schulte wrote the insurance company as follows:

"Yesterday we received a call from Mr. Lindeman who stated that he was being sued for the damage to the front end of a building used by Louie's Auto Mart. He also stated that our assured, Mr. Lowder,

was being joined as a party defendant. This is the first information we had of this. We will undoubtedly hear from Lowder at a later date. I am giving you all the information I have at this time, and will keep you advised. Yours Very Truly, Schulte Adjustment Bureau, by R. P. SCHULTE."

Subsequent to the starting of the above action, Schulte telephoned plaintiff's attorney and asked for additional time to file an answer, giving as his reason a projected vacation in Florida. On May 7, 1948, plaintiff's attorney wrote Schulte a letter in which he asked him to file his appearance. On or about June 3, 1948, Schulte notified plaintiff's attorney that he was not going to file an appearance in the case. On June 10, 1948, Schulte wrote the insurance company as follows:

*"Gentlemen:*
"For your further information, suit which was started by Mr. Balgooyen, attorney who is representing Louis Weller, is still pending in the municipal court of Muskegon Heights. Mr. Lowder has never referred the summons to this office, nor advised the writer that suit has been started and the records indicate that he was served. I am doing nothing in this at all. I think we have a good defense against the insured for failing to notify the company of the lawsuit.

"Yours very truly,
"Schulte Adjustment Bureau
"R. P. SCHULTE."

On August 5, 1948, an order of default was filed and on October 21, 1948, a jury returned a verdict against Lowder and Cummins in the amount of $2,844 upon which judgment was entered.

On February 14, 1950, a writ of garnishment was issued and special interrogatories were filed and answered. The issue was tried before a jury which returned a verdict in favor of plaintiff and against

Dearborn National Casualty Company, the garnishee
defendant, in the sum of $3,111.09.  On November
2, 1950, upon motion of the garnishee defendant, the
court entered judgment for no cause of action not-
withstanding the verdict of the jury.

The trial court filed an opinion in which he said:

"The sole question is whether there was evidence
to support the finding of the jury that the garnishee
defendant waived the condition of the policy rela-
tive to the insured forwarding process in connec-
tion with the suit to it.  Plaintiff's claim of waiver
of this requirement is based solely and entirely upon
the request made to plaintiff's attorney by Mr.
Scholte (Schulte) for further time in which to file
an answer for the principal defendants.   *   *   *

"I am impressed with the argument of the gar-
nishee defendant that the mere request of Mr.
Scholte for additional time to file an answer can-
not be construed, as a matter of law, as a waiver of
the requirement in question.  Such request would
be entirely consistent with an expectation on the
part of the defendant that the insured would com-
ply with the provision of the policy and forward pro-
cess in the suit to it.  His request came at a time
when defendant still had time in·which to answer
the suit.  If it was assumed that Mr. Scholte had
authority to waive compliance with the requirement
of the policy, and his request for further time was
made subsequent to the time an answer was re-
quired, or after default of defendant for failure to
file an answer, the situation would be entirely dif-
ferent.  There is an entire absence of evidence that
Mr. Scholte had any authority to waive the require-
ment of the policy, in this case or in any other matter
which he represented the garnishee defendant.  In
my opinion, the evidence, considered in the light
most favorable to plaintiff, does not permit a con-
clusion or inference that the garnishee defendant at
any time proceeded on the theory that the require-
ment in question was to be waived.  It is also true,

as contended by garnishee defendant, that there is no evidence whatsoever to indicate that garnishee defendant gave the principal defendant any reason to believe that it had waived compliance with the requirement in question, and it is conceded by counsel for plaintiff that the evidence fails to establish estoppel. The decisions cited by plaintiff are not applicable in the instant case. The factual situation in those cases are vastly different than those in the instant case.

"I am, therefore, of the opinion that garnishee defendant is entitled to a judgment of no cause of action, notwithstanding the verdict, and same will be entered in the cause."

Plaintiff appeals and urges that the failure of the principal defendant Lowder to forward his suit papers to the garnishee defendant did not work a forfeiture of the insurance contract and relies upon *Exo* v. *Detroit Automobile Inter-Insurance Exchange*, 259 Mich 578 and *Kennedy* v. *Dashner*, 319 Mich 491.

In the *Exo Case*, defendant insurance company disclaimed liability on the ground that the assured failed to immediately forward to defendant "every summons or other process that may be served on the assured." In the above case one Hagerman was insured against liability in the amount of $5,000 for injuries to 1 person and $10,000 to 2 or more persons. On November 10, 1929, Hagerman's car collided with a car owned by Neil Sandy. Mr. and Mrs. Exo were injured, Mrs. Exo dying as a result of injuries received. Defendant company was immediately notified of the accident and sent its representative to investigate. Claims were filed in the probate court against the Hagerman estate and appeals were taken to the circuit court. Upon trial, defendant appeared specially claiming that the probate court was

without jurisdiction to hear the claims. In affirming judgment, we said:

"The identical parties and same issues and claims were involved, defendant had ample notice of the pendency of the suits, appeared specially, and was not deprived of any opportunity to make the fullest defense possible. It was not harmed by the remanding, nor can it benefit thereby through a technical objection. The second probate hearing, even if improvidently granted, was for its benefit, but not to the extent that it can escape liability on that account."

In *Kennedy* v. *Dashner*, 319 Mich 491, plaintiff was struck by an automobile owned by defendant; 47 days after the accident, plaintiff's attorney wrote the insurance company notifying it of the accident. Suit was started and the insurance company defended it after notifying Dashner that no liability was assumed by it. Plaintiff recovered a verdict of $5,000. Subsequently, garnishment proceedings were instituted against Dashner as principal defendant and Preferred Automobile Insurance Company, garnishee defendant, and tried before the trial court without the aid of a jury. The court entered a judgment against defendant insurance company for $5,000. Defendant insurance company denied liability for failure to comply with the conditions of the policy, which required the insured "as soon as practicable" to give "written notice of any accident, claim, loss or suit;" and failure "to appear at the trial and at all times render all possible co-operation and assistance." The controlling question presented on appeal was whether a notice received by the insurance company 47 days after the accident satisfied the contractual obligation to give a notice "as soon as practicable."

We there held that prejudice to the rights of the insurer is a necessary element to be considered in

determining whether there has been an unreasonable delay in giving notice of an accident to the insurer "as soon as practicable."

Garnishee defendant urges that the condition requiring forwarding of suit papers is an essential of the contract and is distinguishable from the condition requiring notice of accident. One of the purposes of the provision requiring notice of accident is to give the insurance company knowledge of the accident so that it can make a timely investigation in order to protect its interests. It is also true that the provisions in the insurance policy requiring the insured to "immediately forward to the company every demand, notice, summons, or other process received by him" is to give the insurance company knowledge and information that an action has been instituted against the insured party. It follows that if the insurance company received adequate and timely information of the accident or the institution of an action for the recovery of damages it is not prejudiced, regardless of the source of its information.

In the case at bar the collision occurred on October 11, 1947. The insured, Lowder, immediately telephoned Rennells, garnishee defendant's agent, and informed him of the collision and shortly thereafter garnishee defendant's adjuster Schulte made an investigation which was followed by the payment of the claim of R. Lindeman, the owner of the other car involved in the collision. At that time the insurance company had timely and adequate knowledge of the facts in connection with the property damage. However, the principal question involved in this case is whether the insurance company was prejudiced by the failure of Lowder to forward to the insurance company the notice of the action by Weller against Lowder, the insured.

The facts show that as early as December 19, 1947, the insurance company had information that plain-

tiff's building had been damaged as a result of the collision of the 2 cars; that the principal action was begun February 11, 1948; that on May 7, 1948, Schulte was invited by plaintiff's attorney to file his appearance and answer; that on or about June 3, 1948, Schulte notified plaintiff's attorney that he was not going to do anything about the case; that on June 10, 1948, Schulte notified the insurance company that plaintiff had begun an action in which Lowder was joined as a party defendant; and that on October 21, 1948, a judgment was taken against defendant Lowder and another.

The insurance company having paid one claim and having information of the damage to plaintiff's store as well as plaintiff's claim for damages and information that an action had been instituted against Lowder at least 4 months before judgment, we are constrained to hold that the insurance company was not prejudiced by the failure of Lowder to forward to it the papers connected with the action.

In view of our decision upon the principal issue in this case we do not find it necessary to discuss the claimed waiver of the forfeiture clause in the insurance policy.

The judgment of the circuit court is reversed and the cause remanded to the trial court with directions to enter judgment on the verdict of the jury. Plaintiff may recover costs.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.