**Helen LEE, Appellant,**

**v.**

**The TRAVELERS INSURANCE COMPANY,**
Appellee.

No. 3043.

Municipal Court of Appeals for the
District of Columbia.

Argued Aug. 6, 1962.

Decided Oct. 10, 1962.

Albert D. Brault, Washington, D. C., with whom Laurence T. Scott and Brault & Graham, Washington, D. C., were on the brief, for appellant.

William T. Clague, Washington, D. C., with whom Allan C. Swingle and Francis C. O'Brien, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

HOOD, Chief Judge.

This action was brought by appellant Lee against Nicholson and Herian for damages for injuries received by Lee while a passenger in an automobile owned by Nicholson and operated by Herian. Appellant was awarded judgment in a substantial amount and then through garnishment proceedings sought to collect the judgment from appellee Travelers Insurance Company. From a judgment in favor of the insurance company this appeal was brought.

The garnishment proceedings were submitted to the trial court on a written stipulation of facts which disclosed the following. The accident occurred on October 18, 1959, at a time when there was in effect an automobile liability insurance policy issued by the insurance company in favor of Nicholson. On December 30, 1959, appellant's attorney advised Nicholson by letter that a claim would be made against her and Herian and suggested that if she had liability insurance protection, she should forward the letter to her insurer. The letter was so forwarded and the insurance company received it on January 8, 1960. This was the first notice the insurance company had of the accident. On January 20 the insurer wrote Nicholson that it had received the December 30 letter, that it had no report of the accident and that Nicholson should make a report as soon as possible, and that failure to report could result in denial of coverage by the insurer.

On March 28 the insurer received a report of the accident from Nicholson. It wrote Nicholson, acknowledging receipt of the report, and advising her that it was "accepting this as a first report from you of this accident, but only under a full reservation of rights to deny coverage for your apparent breach of the conditions of your policy in not reporting this accident to us promptly. We shall undertake an immediate investigation of this accident and if it appears that your apparent breach of the terms of your contract of insurance has not resulted in our prejudice, we shall remove this reservation of rights which we are herewith taking."

Thereafter the insurer conducted an investigation in its usual manner and entered into negotiations with appellant's attorney respecting settlement of the claim. Over what period of time the negotiations extended is not shown, but no settlement was reached and in March 1961 appellant brought her action.

Nicholson and Herian were served by leaving copies of the summons and complaint at their usual place of abode on March 29. On May 18 appellant's counsel notified the insurer by telephone that suit had been filed and process had been served. The insurer replied that it had received no notice from Nicholson or Herian that they had been served with process and had not been requested by them to defend the action, and that under the circumstances it did not believe it had either the duty or the right to enter the case and therefore it did not intend to defend. Counsel for appellant offered to send to the insurer a copy of the suit papers, but his offer was refused. On the following day appellant's counsel sent a letter to the insurer notifying it that he intended to have a default entered. Ten days later default was entered. After ex parte proof verdict and judgment were entered for appellant. The garnishment proceedings followed.

The trial court ruled in favor of the insurance company on the ground that "the failure on the part of the insureds to forward the suit papers was a breach of a condition precedent and, as such, avoided any liability on the part of the garnishee

under the policy of insurance." Our question is whether the trial court was correct in so ruling. We do not understand that the question of delay in reporting the accident is before us. Although the report was accepted with a reservation, the insurer agreed to remove the reservation if the delay was not prejudicial to it, and it has made no attempt to show that it was so prejudiced. The question then is whether the insurer was relieved from liability to appellant because of the insureds' failure to forward the suit papers to the insurer or otherwise communicate with it after service of process.

The pertinent policy provisions read as follows:

"4. Notice. In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. In the event of theft the insured shall also promptly notify the police. If claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

"27. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. * * *"

■■ It is generally held that provisions relating to notice are of the essence of the insurance contract, and that, at least where the policy expressly makes compliance with its terms a condition precedent to liability on the part of the insurer, failure to comply with the notice provision will release the insurer of liability on the policy. Annot., 18 A.L.R.2d 443, 452. The cases so holding go no further than to say that the insurer must be given notice before it can be held liable. In the present case, while it is undisputed that the insured failed to forward the suit papers to the insurer, it is also undisputed that the insurer received notice of the accident, made an investigation and carried on settlement negotiations which were broken off when an agreement could not be reached. The reasonable inference is that the insurer was well aware of the facts and legal issues involved and of the probability that suit would be filed.

When suit was filed and the insured failed to forward the suit papers, default was not taken without notice to the insurer. Appellant's counsel notified the insurer of the pending action and offered to furnish the insurer with copies of the suit papers; when this offer was refused appellant's counsel notified the insurer of the intention to take a default but at the same time offered to agree to any extension of time the insurer required for filing an answer. It is clear the insurer had notice of the filing of the suit and was afforded full opportunity to defend. It refused, taking the stand that it was not required to defend because of the failure of the insured to forward the suit papers.

The insurer would have us make a distinction between the policy provisions relating to notice of the accident and the forwarding of suit papers. Conceding arguendo that it may be of no importance whether notice of the accident or claim comes from the insured or from some other party, such as the person injured, the insurer argues that a stricter rule must be followed with respect to delivery of suit papers, that the insurer must receive the suit papers from the insured upon whom they are served and from no one else.

We are unwilling to make such distinction. The two requirements have essentially the same purpose, i. e., notice to the insurer. Notice of the accident enables the insurer to make prompt investigation and prepare to defend any action that may be brought. Forwarding the suit papers gives the insurer notice that an action has been brought and enables it to properly defend.

 Both requirements are reasonable and both must be met. An insurer should not be held liable without reasonable opportunity to investigate and to properly defend; but when given such opportunity the insurer should not be allowed to escape liability because the notice which furnished the opportunity came from someone other than the insured.

"The later cases support the general rule that the giving of notice of an accident or a claim or the forwarding of suit papers need not be done by the insured himself but may, under certain circumstances, be attended to by other persons.

\* \* \* \* \* \*

"The question as to who gives the notice to the insurer is obviously of minor importance as long as notice is actually given of the occurrence of the accident or the pendency of the suit." Annot., 18 A.L.R.2d 443, 458.

See also, Barrella v. Stewart, 228 Md. 378, 179 A.2d 886; Weller v. Cummins, 330 Mich. 286, 47 N.W.2d 612; Royal Indemnity Co. v. Morris, 9 Cir., 37 F.2d 90, certiorari denied 281 U.S. 748, 50 S.Ct. 353, 74 L.Ed. 1160; Slavens v. Standard Acc. Ins. Co. of Det., 9 Cir., 27 F.2d 859.

In reaching our conclusion we are influenced by the present-day tendency to regard insurance of the type here involved as not a strictly private contract between insurer and insured but a contract for the benefit of the public. This tendency is reflected in our Motor Vehicle Safety Responsibility Act,[1] and also in the compulsory insurance, financial responsibility and unsatisfied judgment statutes of other jurisdictions. Owners and operators of automobiles are encouraged, and sometimes compelled, to carry liability insurance to protect the public. Giving due consideration to the twofold purpose of automobile liability insurance—protection of both the insured and the public—it does not appear reasonable to allow the insurer to escape liability to an injured member of the public merely because the insured, through ignorance, indifference, or wilfulness, has failed to comply with a provision of the policy unless such noncompliance has materially harmed the insurer.

Reversed with instructions to enter judgment against the garnishee.

Judge MYERS was present at the argument of this appeal but did not participate in the decision.