BIBB v DAIRYLAND INSURANCE COMPANY

INSURANCE—GARNISHMENT—DEFENSES—NOTICE OF SUIT—FAILURE TO
NOTIFY—PREJUDICE.

> Lack of notice of suit by an insured to his insurer is no defense to
> a garnishment for application of the proceeds of the insurance
> to satisfaction of a default judgment unless the insurer can
> show prejudice from the lack of notice of the suit, and it is
> incumbent upon the insurer to sustain the burden of proof as to
> such prejudice, and where no witnesses were produced to reveal
> any prejudice suffered by the insurer and no effort was ex-
> pended by the insurer to protect its interest once it was
> notified, the burden was not sustained, and a garnishment
> judgment was proper.

Appeal from Wayne, Joseph J. Rashid, J. Sub-
mitted Division 1 December 12, 1972, at Lansing.
(Docket No. 13428.) Decided January 18, 1973.

Complaint in Common Pleas Court of Detroit by
Angelina Bibb and Leonard Harden against Dairy-
land Insurance Company for garnishment of insur-
ance proceeds. Judgment for plaintiffs. Defendant
appealed to circuit court. Affirmed. Defendant ap-
peals by leave granted. Affirmed.

*Allen Bibb,* for plaintiffs.

*Don F. Shell,* for defendant.

Before: FITZGERALD, P. J., and McGREGOR and
TARGONSKI,* JJ.

---

REFERENCE FOR POINTS IN HEADNOTE
44 Am Jur 2d, Insurance § 2083.

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

FITZGERALD, P. J. Defendant appeals by leave granted from a judgment in the amount of $7,000 rendered to plaintiffs. The sole issue is whether defendant insurance company sustained the burden of proving that prejudice resulted in a garnishment action where the insured failed to inform defendant of the commencement of suit against him.

On July 14, 1968, plaintiffs were passengers in an automobile driven by Charles Lewis Mackey which collided with a vehicle driven by Johnny Frank Holloway. Holloway was insured by defendant Dairyland Insurance Company (hereinafter referred to as Dairyland). Plaintiffs claimed damages for personal injuries resulting from the accident. Holloway reported the accident to defendant. Negotiations for settlement between plaintiffs and defendant's claims department proved unsuccessful and suit was filed against Holloway on July 3, 1969. Holloway was served by substituted service on December 15, 1969, a copy of the summons having been left with a Mrs. Holiday at 14385 Stratmoore, Detroit, Michigan. A default judgment was entered on January 5, 1970, against the insured, Holloway, and in favor of each plaintiff in the amount of $3,500 plus costs.

Defendant Dairyland allegedly learned of the suit and judgment for the first time on April 1, 1970, when advised of the matter by plaintiffs' attorney. Defendant claims at no time was it informed by its insured, Holloway, of the suit and subsequent judgment. On August 3, 1970, plaintiffs filed a garnishee summons in Detroit Common Pleas Court against Dairyland. Defendant filed a disclosure of no indebtedness on August 14, 1970. A garnishee hearing, held September 17, 1970, determined defendant was liable and a judgment was entered in the sum of $7,000. This judgment

was affirmed in the Wayne County Circuit Court on October 5, 1971.

The relevant portion of the insurance contract provides:

"2. Notice of Claim or Suit, Coverages A and B. If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative." (Coverages A and B under the policy are bodily injury and property damage liability.)

Defendant contends failure of the insured to notify it of the suit brought against him is a material breach of the contract and serves as a valid defense to payment of the judgment. Defendant further argues that plaintiffs' right to recovery is generally dependent upon the principal defendant's (insured's) right to recovery. The material breach of the contract by the insured in failing to notify defendant of the lawsuit precludes indemnification from defendant. In support of this theory, defendant cites *Poelman v Payne,* 332 Mich 597 (1952), and *Burch v Wargo,* 1 Mich App 365 (1965). While the two cases buttress the general proposition that plaintiffs' recovery is dependent upon the principal defendant's right to recovery, neither addresses the issue involved in the instant case. Specifically, was a showing of prejudice sustained by the insured's failure to notify defendant of suit being brought against the insured? *Poelman* involved construction of an insurance policy providing coverage for newly acquired automobiles. *Burch* involved liability of an insurance company where a renewal policy for automobile insurance contained a restrictive endorsement without specifying the name of the prohibited driver. Both cases raised issues of statutory construction, but leave

unmentioned the element of resulting prejudice to the parties. The Michigan courts have required a showing that insurance companies be prejudiced by delay or lack of notice regarding claims brought against their insured. *Kennedy v Dashner,* 319 Mich 491 (1947); *Weller v Cummins,* 330 Mich 286 (1951); *Wendel v Swanberg,* 384 Mich 468 (1971).

Defendant also cites *Joyce v Empey,* 16 Mich App 604 (1969), a per curiam opinion which awarded a judgment *non obstante veredicto* to defendant insurance company due to insured's breach of the cooperation clause of his insurance contract for failure to appear for trial of the principal action. This Court affirmed the lower court's finding that sufficient evidence was presented to show that actual prejudice to the insurer did in fact occur. While the decision is consistent with defendant's contention, the case runs counter to its argument in support of reversal. The gravamen of *Joyce,* citing *Allen v Cheatum,* 351 Mich 585 (1958), merely reaffirms appellate courts' reluctance to disturb the finding of the trier of fact if supported by competent evidence. Were we to adopt the *ratio decidendi* of *Joyce,* we would be constrained to affirm the circuit court decision in favor of plaintiffs.

In *Kennedy, supra,* a delay of 47 days in acquiring knowledge of a claim under an automobile insurance policy requiring insured to give notice "as soon as practicable" did not preclude recovery by garnishment in the absence of a showing that prejudice resulted to the insurance company. The term "immediately" was construed as being within a reasonable period of time, depending upon the facts and circumstances of the case. *Kennedy* is distinguishable from the instant case in that defendant insurance company actually defended the

principal suit upon receiving notification whereas Dairyland allegedly did not learn of the suit until three months after a default judgment had been entered against the insured. Notwithstanding, the principle requiring that prejudice be shown remains applicable in resolving the instant case.

The necessity that prejudice constitute a basic element of an insurer's defense to payment based upon delay or lack of notice was further examined in *Weller v Cummins, supra.* The Supreme Court determined that insurance companies would not be prejudiced if they received adequate and timely information of the accident or of the institution of an action for the recovery of damages, regardless of the source of its information. Defendant insurance company was not permitted to ignore notice of suit against it by plaintiffs' attorney and then rely upon the insured's failure to give notice as a defense.

An identical insurance provision was in effect in *Wendel v Swanberg, supra.* The facts were quite similar to the instant case. An insured of Travelers Indemnity Company was injured and gave prompt notice to the company. Following unsuccessful efforts to negotiate a settlement, suit was brought by plaintiff and a default judgment was granted when the principal defendant failed to appear. An agent of Travelers was advised of the judgment one month later by the insured. Plaintiff issued a writ of garnishment to Travelers six months following this notification. Travelers filed a disclosure of no indebtedness and asserted the defense of failure to give prompt notice of the suit. The Supreme Court succinctly capsulized the legal principles regarding notification and prejudice, pp 477–478:

"Provisions in liability insurance contracts requiring

the insured to give the insurer immediate or prompt notice of accident or suit are common, if not universal. The purpose of such provisions is to allow the insurer to make a timely investigation of the accident in order to evaluate claims and to defend against fraudulent, invalid, or excessive claims. *Wehner v Foster,* 331 Mich 113 (1951); *Exo v Detroit Automobile Inter-Insurance Exchange,* 259 Mich 578 (1932). See also, Anno, 18 ALR2d 443; Comment, 51 Mich L Rev 275. The pertinent legal principles deducible from our cases and statutes regarding such notice provisions are as follows:

"1) Notice to an authorized agent is notice to the insurer. By statute liability insurance policies must contain 'a provision that notice given by or on behalf of the insured to any authorized agent of the insurer within this state, with particulars sufficient to identify the insured shall be deemed to be notice to the insurer * * * .' MCLA 500.3008; MSA 24.13008. Mandatory statutory provisions are read into insurance contracts though they be omitted by the parties. *Galkin v Lincoln Mutual Casualty Co,* 279 Mich 327 (1937); *Chrysler Corp v Hardwick,* 299 Mich 696 (1941).

"2) Mere delay in giving the required notice does not work a forfeiture because such provisions are construed to require notice within a reasonable time. *Kennedy v Dashner,* 319 Mich 491 (1947); *Exo v Detroit Automobile Inter-Insurance Exchange, supra.*

"3) Prejudice to the insurer is a material element in determining whether notice is reasonably given *(Wehner v Foster, supra; Weller v Cummins,* 330 Mich 286 [1951]) and the burden is on the insurer to demonstrate such prejudice. *Kennedy v Dashner, supra; Wehner v Foster, supra.*"

There is no significant distinction between *Wendel* and the instant case. In *Wendel,* the insured contacted her insurance company one month after a default judgment had been entered against her. The instant case finds the plaintiffs' attorney notifying Dairyland of the suit three months after a default judgment had been entered against the insured. The jury in *Wendel* was unable to find

that prejudice resulted from plaintiff's delay in notifying Travelers of the suit brought against the insured. We think the instant case fails in the same respect.

It is incumbent upon the defendant to sustain the burden of proof as to any prejudice suffered by a delay in the notification of suit being brought against the insured. However, defendant introduced no evidence as to any prejudice that might have been suffered. No evidence even suggests that defendant was prevented from making a timely investigation of the accident in order to evaluate claims or to defend against fraudulent, invalid, or excessive claims. Indeed, it is reasonable to assume that a thorough investigation was a necessary requisite prior to entering into negotiations for a settlement of the claim.

Defense counsel was aware that lack of prejudice could be advanced as a defense by plaintiffs, yet apparently was willing to base his defense on lack of notice alone. No witnesses were produced to reveal any prejudice suffered by defendant. Defendant expended no effort to protect its interest once it was notified. We cannot presume it would have proceeded any differently had it been notified earlier. The burden was not sustained in this case.

Affirmed. Costs to appellees.

All concurred.