HARTFORD INSURANCE GROUP, Appellant,

v.

LIBERTY MUTUAL INSURANCE COMPANY, Appellee.

A–I APPLIANCE REPAIR COMPANY et al., Appellants,

v.

LIBERTY MUTUAL INSURANCE COMPANY, Appellee.

Nos. 7290, 7291.

District of Columbia Court of Appeals.

Argued Oct. 11, 1973.

Decided Nov. 21, 1973.

Rehearing and Rehearing en Banc Denied Jan. 14, 1974.

Edwin A. Sheridan, Washington, D. C., for appellant Hartford Ins. Group.

Rex K. Nelson, Washington, D. C., for appellant Stivers and A-1 Appliance Repair Co.

Colin R. C. Dyer, Washington, D. C., for appellee.

Before KERN, PAIR and YEAGLEY, Associate Judges.

PER CURIAM:

The trial court ruled that (1) Liberty Mutual Insurance Company (Liberty) might recover from Charles A. Stivers, trading as A-1 Appliance Repair Company (A-1), the amount Liberty had paid to its insured for fire damage caused by a defective window airconditioner A-1 had rented to the insured's tenants and (2) A-1 in turn might recover over from its insurer, Hartford Insurance Group (Hartford) for the full amount of the judgment and attorney's fees it had incurred as the result of its litigation with Liberty.

Hartford urges that A-1's failure to abide by the terms of their insurance policy agreement insofar as giving notification as soon as practicable of the occurrence (the fire) and *immediately* forwarding all suit papers absolved it of any liability to its insured, A-1.

A-1 urges (1) that the evidence was insufficient to support the trial court's finding that its airconditioner had been defective and had caused the fire and (2) that the trial court erred to A-1's prejudice in permitting Liberty to amend its complaint after all evidence had been adduced and all discovery completed so as substitute Stivers, A-1's president, for A-1 corporation as the defendant. We are of opinion that the trial court's detailed and comprehensive memorandum opinion (R. 84–103) contains findings of fact supported by the evidence and, with the one exception discussed below, applies correctly the applicable law.

Our sole disagreement with the trial court is its conclusion that Hartford was liable to its insured, A-1, under the insurance policy between them because, although A-1's notification of the fire and transmission of suit papers to Hartford was delayed, Hartford nevertheless still had reasonable opportunity to investigate the claim and properly defend the action (R. 102). In sum, the trial court's holding was that in the absence of a showing of prejudice to Hartford, A-1's failure to abide by the material and relevant terms of the policy did *not* relieve Hartford of its responsibility to bear the damages awarded against A-1 in favor of Liberty. This court, in an opinion issued after the trial court's decision in this case, held exactly to the contrary and cited judicial precedent in

this jurisdiction to support its holding.[1] Greenway v. Selected Risks Ins. Co., D.C. App., 307 A.2d 753 (1973).

Accordingly, the judgment in No. 7290 is reversed and the case remanded for entry of judgment in favor of appellant Hartford. The judgment in No. 7291 in favor of Liberty is affirmed.

So ordered.

---

1. The trial court cited Lee v. Travelers Ins. Co., D.C.Mun.App., 184 A.2d 636 (1962), in reaching its conclusion, but that case is distinguishable from both the instant case and Greenway v. Selected Risks Ins. Co., D.C. App., 307 A.2d 753 (1973), and cases cited by it. In *Lee*, the insurance company did receive notice of the accident shortly after its occurrence and conducted an investigation and attempted to negotiate a settlement of the claim against its insured before it finally sought to be relieved of liability under the policy. Here, more than a year and a half elapsed before notice was received by Hartford.