# Bartels Brewing Company *v.* Employers' Indemnity Company, Appellant.

*Insurance—Employers' liability insurance—Notice of accidents —Unreasonable delay—Waiver—Judgment for defendant n. o. v.*

1. The provisions of employers' liability policies requiring that the insured shall furnish immediate notice both of any accident by which the insured may be rendered liable, and of any claim against the insured arising therefrom, are valid and of the essence of the contract, being designed to enable the insurer to investigate the circumstances of the accident while the matter is yet fresh in the minds of all, and to make timely defense against any claim filed; and where an accident has happened and no notice has been given to the insurer within a reasonable time thereafter it will be discharged of liability.

2. In an action on an employers' liability policy providing that "upon the occurrence of an accident the assured shall give immediate notice in writing of such accident, with the fullest information then available, to the company, at its head office......If a claim is made on account of such accident the assured shall give like notice thereof with full particulars," it appeared that on October 30, 1909, a child was injured by one of defendant's teams in charge of its driver, that the occurrence of the accident was known to plaintiff's representative in the county where it occurred almost immediately thereafter, but that no notice of the accident was given defendant until January 27, 1910, and that no information concerning the circumstances was given until April 20, 1910. *Held,* that plaintiff's failure to give the notice and information required by the contract until more than six months after the accident, relieved the defendant of liability and on appeal judgment was entered for defendant n. o. v.

3. In such case there was no waiver by the defendant of the requirement of the policy as to notice, by reason of the fact that when notice of the accident was first received it promptly repudiated liability, but offered, without prejudice to its rights, to pay a small amount in settlement, which was not effected.

Argued April 14, 1915. Appeal, No. 401, Jan. T., 1914, by defendant, from judgment of C. P. Luzerne Co., March T., 1912, No. 566, on verdict for plaintiff, in case of Bartels Brewing Company v. Employers' Indemnity

Company of Philadelphia, Pa. Before BROWN, C. J.,
MESTREZAT, POTTER, STEWART and FRAZER, JJ. Re-
versed.

Assumpsit on a contract of liability insurance. Be-
fore GARMAN, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,599.55 and judgment there-
on. Defendant appealed.

*Errors assigned* were rulings on evidence, answers to
points, the refusal of the court to direct a verdict for de-
fendant and to enter judgment for defendant n. o. v.

*James L. Morris,* for appellant.

*E. A. Brennan* and *John McGahren,* with him *R. B.
Alexander,* for appellee.

OPINION BY MR. JUSTICE POTTER, October 4, 1915:

In this action the plaintiff sought to recover upon a
contract of indemnity against legal liability for injuries
resulting from the negligence of its employees. A ver-
dict in an action of trespass, and payment of the judg-
ment thereon, had fixed the amount of defendant's lia-
bility, if it was liable under the terms of the contract.
Defendant denied liability upon the ground that plain-
tiff, the insured, had not complied with the stipulation
of the contract of insurance, with respect to the notice
required to be given of the happening of the accident
for the results of which the plaintiff was held liable.

It appears from the evidence, that in August, 1909,
the plaintiff was engaged in the brewing business, and
entered into a contract with the defendant, the Em-
ployers' Indemnity Company of Philadelphia, by which
it was insured against loss or expense from claims for
damages on account of bodily injuries, accidentally suf-
fered during a period of one year from the date of the

contract, by any person by means of the draft animals, or the vehicles of the insured, while being used in its business. A condition of the contract of insurance was as follows: "Upon the occurrence of an accident the assured shall give immediate notice in writing of such accident, with the fullest information then available, to the company at its head office in Philadelphia, Pa. If a claim is made on account of such accident the assured shall give like notice thereof with full particulars."

On October 30, 1909, a three-year-old child was accidentally injured by one of the assured's teams, which was in charge of its driver. The fact of the accident was known the same day, by the immediate superior of the driver, a Mr. Clark, who represented the plaintiff in the county where the accident occurred. On January 27, 1910, nearly three months after the date of the accident, the assured was notified by a firm of lawyers that a claim for damages resulting from the accident had been placed in their hands. On April 1, 1910, an action to recover was commenced, and the summons was served on Mr. Clark, plaintiff's representative on April 7th. It was not until April 20, 1910, that the plaintiff gave to the defendant, at its head office in Philadelphia, any information concerning the accident which had occurred on October 30th of the year before, or as to the claim made therefor by the attorneys in January, 1910. Counsel for appellant contends that this was not immediate notice, such as was plainly required by the contract, and that the court was in duty bound to have so instructed the jury. He maintains that under the facts in this case, which are clear and not disputed, the question whether there was compliance with the terms of the contract as to notice, was one of law for the court, and was not for determination by the jury. We think his contention is well founded. In 4 Cooley's Briefs of Law of Insurance, p. 3570, he says: "Employers' Liability policies very generally contain a requirement that the insured shall furnish immediate notice, both of any

accident by which the insured may be rendered liable, and of any claim against the insured arising therefrom. These provisions are valid and of the essence of the contract, being designed to enable the insurer to investigate the circumstances of the accident while the matter is yet fresh in the minds of all, and to make timely defense against any claim filed. They are, therefore, usually given a more liberal construction in favor of the company than the requirement for notice of proof of loss under an ordinary fire policy, which can only become effective after the company's liability has been fixed." It was the plain duty of the plaintiff to report the accident as soon as it had knowledge of its occurrence. Granting that the condition requiring "immediate notice" means within a reasonable time under the circumstances of the case, we are unable to see how a delay of nearly six months in reporting the occurrence, can possibly be regarded as reasonable. The parties stipulated in their written agreement as to how, when and where, the notice should be given: immediately, and to the Philadelphia office. It is suggested that on January 28, 1910, notice was given to local agents of the defendant at Wilkes-Barre that a claim for damages had been made. This was, however, not in compliance with the agreement either as to time or place. Reference was made to a red label or sticker containing the names of the local agents pasted on the cover of the policy. But this label formed no part of the written contract, and it cannot be permitted to affect in any way the clear and explicit directions of the contract itself as to the time and method of giving notice. An inspection of the printed portion of the cover shows that it emphasized the requirement that all accidents must be immediately reported, but it intimated no change in the time and place, or manner of making the report. The red label was obviously no part of the original printed matter on the cover, but was evidently pasted on by the local agents in order to show their name and business occupation.

The thirteenth and fourteenth assignments of error, complain of the refusal of the court below to charge as requested in defendant's fourth and sixth points. In these the court was in substance asked to instruct the jury that the knowledge of the accident on the date of its occurrence by the plaintiff's agent, M. E. Clark, was sufficient to charge the insured with notice of the accident. No other inference can fairly be drawn from the testimony. He was in charge of the business of plaintiff in Lackawanna County, hired and discharged men, received the report of the accident in question from the driver of the team which caused it, and employed counsel to defend the action brought to recover damages for it. His excuse for not reporting the accident when it occurred, as given by plaintiff, was, that "he did not know he was supposed to, and that he thought nothing would come of the accident." Under the facts shown his complete knowledge of the occurrence must be regarded as that of his employer, the plaintiff, whether or not he actually communicated that knowledge to it at the time. That the defendant company might have waived the requirements of the policy, as to immediate notice of the accident, is true. But is there anything in the evidence to sustain such a claim? We can find nothing which will justify any such conclusion. When notice first reached the defendant company, it promptly repudiated liability, but offered, without prejudice to its rights, to pay a small amount in settlement of the claim, but no settlement was effected. It sent representatives who endeavored to get the signature of the insured to what was called a "letter without prejudice," a paper agreeing that whatever was done was to be without prejudice to defendant's rights by reason of the delay in reporting the accident. This paper was not signed, but its presentation gave notice that defendant was standing upon its rights, and the testimony shows no action by it, which was inconsistent with its claim that it was not liable. Naturally it was desirous of an amicable

adjustment of the matter, if it could be made for a reasonable amount, as it would thus satisfy and please its customer. But the evidence shows a clear intention not to relinquish its rights under the contract. Nor is there anything to show that the assured was in any way, or at any time, misled or induced to believe that the defendant company had abandoned its rights under the contract. We can find in the record, no evidence of a waiver by the defendant of the terms of the contract as to notice, which was sufficient to justify the submission of that question to the jury.

The thirteenth, fourteenth, fifteenth, sixteenth, eighteenth, nineteenth, twentieth, and twelfth assignments of error are sustained, and the judgment is reversed, and is here entered for the defendant.