## Hachmeister, Inc., Appellant, *v.* Employers Mutual Liability Insurance Co. of Wisconsin.

Argued March 15, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*J. Lawrence McBride,* with him *Dickie, McCamey, Chilcote & Robinson,* for appellant.

*Harold R. Schmidt,* with him *Raymond G. Hasley,* and *Rose, Houston, Cooper and Schmidt,* for appellee.

OPINION BY MR. JUSTICE COHEN, April 17, 1961:

This case involves a question which has been before our court on many occasions: Did the insured give notice of the accident to the insurer as soon as practicable in accordance with the terms of their liability insurance policy contract.

Defendant, Employers Mutual Liability Insurance Company of Wisconsin, and plaintiff, Hachmeister, Inc., were the parties to the policy. On October 21, 1949, while the policy was in force, Govan, foreman for Dobson (a contractor engaged in making repairs to the plaintiff's loading area), was injured when a heavy radiator fell off a wall striking him and knocking him down. While he was lying on the floor with the radiator on his foot, he was seen by Charles McKenna, the plaintiff's shipper, and by C. F. Hachmeister, a vice-president of the plaintiff (both deceased at the time of the trial). Govan was rushed to the hospital by an employee of plaintiff. Harry Hachmeister, president and managing officer of plaintiff, was out of town throughout December, 1949 and dur-

ing that time Russell Ashman, who was responsible for insurance matters, was in charge of plaintiff corporation.

Howard J. Snyder, maintenance superintendent of the plaintiff, heard about the accident and went to the scene. When he arrived he was told that Govan had been struck by the radiator which was still on the floor and had been taken to the hospital. After a personal inspection of the damage he concluded that plaintiff was not at fault. He testified that had he felt that the plaintiff was responsible for the accident it would have been his duty to make a report of the occurrence. C. G. Hennings, plaintiff's general plant foreman, also arrived at the scene of the accident shortly after it happened and was told by Charles McKenna, the shipper, that one of Dobson's men had been hurt.

A short time after the accident, Howard L. Snyder, a maintenance man of plaintiff, heard that a man had been injured and was taken to the hospital. Howard L. Snyder testified that someone passing through the building told him of the accident. Robert F. Snyder, another maintenance man, heard of the accident approximately forty-five minutes after it happened.

Both Howard J. Snyder and Hennings inferred that unless an accident involved an employee of plaintiff no report was to be made to anybody about it. However, on cross-examination, Howard J. Snyder admitted that if he had believed that plaintiff was at fault, it would have been his duty to report the matter to Harry E. Hachmeister. Hennings also admitted the same thing.

Govan wrote to plaintiff on May 15, 1950 inquiring "as to what you expect to do in the way of compensation," for his injuries. Ashman wrote to plaintiff's insurance agent on May 24, 1950, enclosing Govan's letter, stating that until receipt of that letter they had no knowledge of the extent of the injury and assumed that

Dobson was fully covered by Workmen's Compensation.

Thus, despite the provision in the policy that written notice of an accident be given as soon as practicable, no notice was given to the insurance company until shortly after May 24, 1950, when plaintiff's insurance agent wrote to the defendant. This was five months after the accident.

Later Govan sued plaintiff whose tender of the defense to Employers, the present defendant, was refused. Govan recovered a judgment against plaintiff and, after payment to Govan, plaintiff instituted this action to recover the amount of the judgment and the costs of litigating the suit brought by Govan. The case was submitted to the jury, and a verdict was returned for the plaintiff. Thereafter judgment n.o.v. was entered in favor of the defendant by the court en banc. This appeal is by the plaintiff from the entry of the judgment n.o.v.

The "reasonable notice clause" is designed to enable an insurer to investigate the circumstances of an accident while the matter is fresh in the minds of all, and to be able to make a timely defense against any claim filed. *Bartels Brewing Company v. Employers' Indemnity Company,* 251 Pa. 63, 95 Atl. 919 (1915). The possibility that a settlement or a verdict more favorable to an insurer might be achieved if prompt notice had been received by it, cannot be discounted. Therefore, a contract requirement that notice given to the insurer within a reasonable time will be strictly enforced.

Hence, we have no hesitancy in ruling that in the absence of extenuating circumstances five months is an unreasonable delay in giving notice. *Unverzagt v. Prestera,* 339 Pa. 141, 13 A. 2d 46 (1940) (3½ months); *Edelson v. American Employers Insurance Company,* 92 Pa. Superior Ct. 90 (1927) (10 weeks).

434

Plaintiff claims that its own lack of notice of the accident should excuse the delay in informing defendant of this occurrence. After a thorough study of the record we are in agreement with the court below that it, ". . . would be fantastic, unrealistic and utterly visionary to hold that plaintiff's officer Ashman and the other persons . . . in charge of the physical operations of plaintiff corporation's plant, had no knowledge of this accident shortly after it happened." We also agree with the court below that the notice of these individuals was such to compel a finding that the plaintiff corporation had notice of the accident.

Plaintiff's failure to report the accident to defendant obviously stemmed from plaintiff's own conclusion, arrived at after a superficial investigation, that it was not liable for the injury to Govan. However, it is not for the insured to determine its liability in such a situation and their erroneous assumption will not excuse the delay in reporting the accident. *Jeannette Glass Company v. Indemnity Insurance Company of North America,* 370 Pa. 409, 88 A. 2d 407 (1952).

Judgment affirmed.