### UNITED STATES CASUALTY COMPANY

v.

### LIBERTY MUTUAL INSURANCE COMPANY.

Civ. A. No. 30057.

United States District Court
E. D. Pennsylvania.
Aug. 29, 1962.

John M. Ross, of Duane, Morris & Heckscher, Philadelphia, Pa., for plaintiff.

J. B. H. Carter, and Edward W. Madeira, Jr., of Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant.

WOOD, District Judge.

On February 28, 1957, William W. Simms, Jr., was killed when he was struck by a bucket of cement which was being lowered into an excavation site at Broad and Spring Garden Streets, Philadelphia, Pennsylvania. Simms was an employee of John McShain Company, the general contractor. The crane lowering the bucket was owned by Robert Hawthorne, Inc., and had been leased to McShain together with the crane operator, Walter Hawthorne.

At the time of the accident, the crane was being used to unload concrete from a truck owned and operated by Warner Concrete Company, hereafter called Warner. The cement was poured from the truck into the bucket attached to the crane and then the bucket was lowered by the crane into the excavation site.

On February 26, 1958, an action, William W. Simms, Limited Administrator of the Estate of William W. Simms, Jr., Deceased, v. Robert Hawthorne, Inc., Civil Action No. 24187, was commenced in which it is alleged that the negligence of Robert Hawthorne, Inc., caused the above-described accident and the resulting death to William W. Simms, Jr., and in which damages therefor are sought under both the Wrongful Death and Survival Statutes.[1] In said action, Robert Hawthorne, Inc., has filed a third-party action against Walter Hawthorne wherein contribution or indemnity is sought.

Defendant, Liberty Mutual Insurance Company, issued a policy of automobile liability insurance to Warner—this policy was in effect on the date of the aforementioned accident as was the policy of comprehensive liability insurance issued to Robert Hawthorne, Inc., by plaintiff, United States Casualty Company.

The present action is one for declaratory judgment instituted by summons and amended petition on August 10, 1961, wherein plaintiff requests this Court to determine that defendant's insurance policy provides primary coverage for Robert Hawthorne, Inc., and for Walter Hawthorne in Civil Action No. 24187.

Defendant's policy provides under "Conditions" that "when an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as is practicable".

The matter presently before this Court is the motion of defendant for summary judgment in its favor on the ground that plaintiff's claim is barred by reason of the failure of plaintiff and/or Robert Hawthorne, Inc., and/or Walter Hawthorne to give defendant notice of the accident within the time required by defendant's policy of insurance in question.

█ █ Jurisdiction in the present case is based on diversity of citizenship of the parties and jurisdictional amount. Accordingly, the conflict of laws rule is applicable; namely, that an insurance policy is interpreted by the laws of the State where it is contracted and it is contracted where the policy is delivered. As the record fails to disclose where defendant's policy was delivered it will be presumed that it was delivered in Pennsylvania where Warner has its principal office and, therefore, Pennsylvania law is applicable. Buhonick v. American Fidelity & Casualty Co., D.C., 190 F.Supp. 399.

█ The law of Pennsylvania is that a provision in an insurance policy requiring that notice of an accident be given to an insurer "as soon as is practicable" will be strictly enforced. Hachmeister, Inc. v. Employers Mutual Liability Insurance Co. of Wisconsin, 403 Pa. 430, 169 A.2d 769. In Hachmeister, the Court ruled that there was non-compliance with the notice requirement in the policy where notice was given to the insurer five months after the accident and affirmed the entry of judgment n.

---

1. 12 P.S. § 1601; 20 P.S. § 320.601.

o. v. in favor of the defendant insurance company. The record in the instant case discloses that defendant received no notice until March 10, 1958, or until one year after the happening of the accident. In such circumstance, we have no hesitancy in holding that such notice was too late.

Plaintiff's contentions contra this holding are stated, discussed and rejected infra.

Plaintiff's initial contention is that the notice requirement of defendant's policy applies only to the named insured, Warner, and does not apply to Robert Hawthorne, Inc. and Walter Hawthorne, the unnamed insureds under the omnibus clause in defendant's policy, and to their insurer.

■■ The policy provision that notice be given to the insurance company "as soon as is practicable" is designed to enable the insurer to investigate the circumstances of an accident while the matter is fresh in the minds of all, and to be able to make a timely defense against any claims filed. Hachmeister, Inc. v. Employers Mutual Liability Insurance Company of Wisconsin, supra. Upon the happening of an accident, a prompt, as distinguished from a delayed, investigation of the facts of the occurrence can so greatly affect the efficiency of a defense as to change the very character of the risk insured. It follows, therefore, that the notice requirement of defendant's policy applies not only to the named insured but also the unnamed additional insureds under the omnibus clause and to their carrier.

We have been unable to find any Pennsylvania Court decision on this point, nor has any been cited to us. However, we are satisfied that if said Courts would be presented with the issue of whether or not unnamed insureds under an omnibus clause and their carrier have a duty to give notice of an accident to an insurer which had issued a policy of automobile liability insurance containing an omnibus clause they would decide said issue in the affirmative.

Another contention of plaintiff is that there may be a material issue of fact in this case which must be resolved by the trier of the facts.

■ A motion for summary judgment should be denied if the Court finds that there is present a material issue of fact. Brawner v. Pearl Assurance Company, Ltd., 9 Cir., 267 F.2d 45.

Plaintiff urges that while the record discloses that the defendant received no notice of the accident until March 10, 1958, and that plaintiff does not know at this time whether or not the named insured, Warner, the general contractor, McShain, the insurer of McShain or anyone else did in fact send notice of the accident to the defendant, it may be that they did. Plaintiff urges further that if they did, the factual issue of whether or not notice of the accident was submitted to defendant by someone prior to March 10, 1958 would be raised thereby.

As authority, plaintiff cites the case of Meierdierck v. Miller, 394 Pa. 484, 147 A.2d 406. In that case, the insurance company, garnishee, refused to assume the defense of the defendant and afford coverage on the basis of late notice. The testimony at trial disclosed that the accident had occurred on October 25, 1955 and that the defendant wrote and mailed a letter to the insurance carrier on October 27, 1955. There was further testimony that the insurance company did not receive this notice and that their first notice of the accident was ninety-three days after the accident but seventy-one days after the insured had knowledge that someone was injured. The Pennsylvania Supreme Court granted a new trial on the basis that the issue of mailing the original notice should have been submitted to the jury without the requirement that plaintiff prove it was received.

■ It will be observed that in the Meierdierck case there was testimony that notice was mailed prior to the date the garnishee stated that it had been given notice and this testimony was sufficient to raise the factual issue: Was notice given to the garnishee on the date

that it stated it received the same or on a date prior thereto? In the case at bar, however, there is no such testimony; there is merely a statement by counsel for plaintiff to the effect that it is possible someone did submit a notice to defendant prior to March 10, 1958. We hold that such a statement does not constitute evidence on the issue of whether notice was given to defendant prior to March 10, 1958, and, therefore, hold that no genuine issue of fact exists as a matter of law.[2]

In the Hachmeister case, the Court refused to excuse the delay in giving notice because of the absence of extenuating circumstances. Plaintiff's final contention, however, is that its delay in giving notice of the accident here should be excused because of the presence of extenuating circumstances as follows:

1. The existence of defendant's coverage of Robert Hawthorne, Inc. and/or Walter Hawthorne was not readily apparent because (a) plaintiff had no knowledge of the existence of defendant's policy and (b) assuming plaintiff had knowledge of defendant's policy issued to Warner and that said policy contained a "loading and unloading" clause (defendant's policy did in fact contain such a clause for it is provided therein that "use of an automobile includes the loading and unloading thereof"), plaintiff has real doubt as to whether or not the acts, which the crane was performing at the time of the accident, were within the scope of that clause.

2. The extent of defendant's coverage was not readily apparent.

In support of the proposition that lack of knowledge of the existence of defendant's policy constitutes an extenuating circumstance sufficient to excuse its delay in giving notice of the accident, plaintiff cites the holding in Unverzagt v. Prestera, 339 Pa. 141, 13 A.2d 46.

In the Unverzagt case, it was held that lack of knowledge was the only extenuating fact and since this is so there was no question for the jury to pass upon because such extenuating fact excuses delay as a matter of law, provided the insured is not guilty of lack of due diligence.

Although the lack of knowledge in the Unverzagt case pertained to the accident and in the case at bar pertains to the existence of defendant's policy, the principles enunciated therein, we think, obtain here. However, we are unable to perceive how those principles can afford any solace to the plaintiff under the particular facts. It had knowledge of the accident almost immediately and, more importantly, it is an insurance company which is not unfamiliar with affairs relating to business, finance, commerce, insurance, etc., and, therefore, must or should have been fully cognizant of the fact that Warner had been issued a policy of automobile liability insurance by defendant.

■ Assuming the law with respect to the construction of the loading and unloading clause in defendant's policy is unresolved and complex as contended by the plaintiff, it is nevertheless our judgment that such a conclusion, as a matter of law, does not constitute an extenuating circumstance and, therefore, cannot excuse plaintiff's delay in giving notice under the facts. It had knowledge of the accident almost immediately and must or should have known that Warner had insurance coverage and that it had the type of insurance coverage that it did in fact have.

Our judgment in the foregoing respect is not affected by the holdings in Home Indemnity Company v. Ware, 3 Cir., 285 F.2d 852, and Canadian Indemnity Co. v. State Automobile Insurance Association, 9 Cir., 174 F.Supp. 71.

In the former case, the policy in question, in addition to extending coverage

2. The record clearly discloses no notice for approximately a year by anyone. We are convinced that if notice had been given either by plaintiff or any other party in the case, plaintiff would have no difficulty in raising the issue at the time of the briefs and argument on this motion.

to the insured and his wife, also extended coverage to his relatives while operating an automobile not owned by the insured. The insured's 16 year old stepson, an unlicensed operator, stole a neighbor's automobile; while operating it he met with an accident. The accident occurred on July 15, 1958. The insured notified his insurer on October 10, 1958, when he learned from an investigator of another insurer involved in the case that his, the insured's, policy might afford coverage for the accident in question. It was held that the insured's delay in notifying his insurer was excused because the insured's lack of knowledge of the insurer's coverage of the accident in question was understandable because he was a lay person and was not expected to know the legal complexities involved in the determination of the extent of the policy coverage.

In concluding that the holding in the Home Indemnity case is inapplicable to the case at bar, we need merely point out that in said case the insured was totally ignorant of the policy coverage under the particular facts; while in the case at bar the plaintiff must or should have known that under the existing facts that its policy might afford coverage.

In the Canadian Indemnity case, the complexity of the law with respect to a loading and unloading clause was noted and discussed. There had been a delay in giving notice to the insurer, but the Court held that under the facts and the law it was excusable stating:

> "Under the rationale of United States Fidelity & Guaranty Co. v. Church, D.C., 107 F.Supp. 683, it is difficult to see how State is harmed. State has consistently denied coverage. Kelly, because of the complicated 'loading and unloading' clause, was understandably ignorant of State's coverage. When the possibility of State's liability became

known to Kelly, due notice was given, in sufficient time so as not to prejudice State's rights herein." 9 Cir., 174 F.Supp. 71, 80.

We are not bound by the holding in the Canadian Indemnity case. Moreover, the facts are not precisely the same. There the issue was between the insured and its carrier while here the issue is between two insurance companies, one of which had immediate notice of the accident but failed to notify the other company of their liability for one year after the accident. If they seek the aid of the Court under these circumstances, they should be held to a degree of care in notification consistent with the provisions of the policy they seek to enforce not as an insured but as a co-insurer.

For our purposes, we will assume that the reasons assigned in support of plaintiff's claim that the extent of defendant's coverage of the accident was not readily apparent are valid. Briefly, those reasons are that at the time of the accident the law was such that it did not know whether defendant's coverage was primary or secondary to or concurrent with its own coverage[3] and that it was not until March 25, 1960 that the United States Court of Appeals for the Third Circuit decision in Federal Insurance Company v. Michigan Mutual Liability Company, et al., 3 Cir., 277 F.2d 442, held that the insurer of the truck which is being unloaded affords primary coverage and the insurer of the actor and/or his employer is liable for excess insurance only.

Notwithstanding, said claim, we think, is, as a matter of law, insufficient evidence to establish an extenuating circumstance and is, therefore, incapable of excusing plaintiff's delay in giving notice under the particular facts. It had knowledge of the accident almost immediately and must or should have known that Warner had insurance coverage and

---

3. For, a clause in defendant's policy sets forth the extent of its coverage in the event a motor vehicle, which is not owned by the insured, Warner, and which is covered by other insurance is being used in the unloading operation and an identical clause is also set forth in plaintiff's policy.

that it had the type of insurance coverage that it did in fact have.

For reasons stated in the foregoing Opinion, defendant's motion for summary judgment will be granted.