Tony **RIPEPI,** Individually and Tony Ripepi, Trading and Doing Business as Keystone Music Company,

v.

The **AMERICAN INSURANCE COM-PANIES,** Appellant.

No. 15158.

United States Court of Appeals Third Circuit.

Argued May 18, 1965.

Decided July 20, 1965.

Harold Gondelman, Jacobson & Gondelman, Pittsburgh, Pa., for appellant.

Samuel J. Margiotti, Margiotti & Casey, Pittsburgh, Pa., for appellee.

Before STALEY, HASTIE and GANEY, Circuit Judges.

STALEY, Circuit Judge.

Tony Ripepi has brought this suit against his liability insurer to recover the damages allegedly caused by its failure to defend a suit brought against him by John Smiechowski. Smiechowski claimed that he had been injured by a fall caused by a deleterious substance which Ripepi had negligently permitted to remain on his property. The district court granted Ripepi full relief, consisting of the amount of the judgment against him in the former suit and counsel fees and expenses in that suit. We affirm.

The relevant facts of the situation here before us are these. On March 3, 1958, John Smiechowski, a truck driver, was engaged in delivering cigarettes to Ripepi's establishment. He had backed his truck up to the loading entrance and was standing on its back ledge and handing the packages of cigarettes to an employee of Ripepi who was placing them on a small two-wheeled truck. When the employee turned away, Smiechowski slipped and fell off the truck onto Ripepi's property, injuring his elbow. Ripepi, who came out of his office immediately after the fall, and one of his employees helped the injured man to a chair, and Ripepi later took him to a hospital. Ripepi did not inquire about the cause of the accident nor did he see anything that would indicate it was causally connected with his property. He, therefore, gave no notice to his liability insurer until seventeen months later when the papers in the action brought by Smiechowski against him were served.

The complaint furnished to Ripepi and forwarded by him to his insurance company alleged that Smiechowski had been "caused to fall on the rear ledge of his truck, because of a deleterious substance which accumulated on his shoe when he was in the warehouse of the defendant * * *." It was, of course, further alleged that Ripepi had negligently failed to maintain his warehouse in a reasonably safe condition and that he permitted dog matter to lie around on the floor of the warehouse and failed to remove it.

The insurance company refused to defend the claim on the ground that Ripepi had failed to comply with a provision of the policy which required that notice of an accident be given promptly. Ripepi then hired Vincent M. Casey, Esquire, of the Allegheny County bar. The case went through all pretrial procedures; the pretrial judge indicated that the case presented a question for the jury. After a jury had been selected, counsel conferred with Judge Smith in the Court of Common Pleas of Allegheny County, Pennsylvania, on the trial date. It was again indicated that the case was a proper one for submission to the jury. After some negotiation between the respective trial counsel and parties, the case was settled for $4,850. A consent verdict in that amount was brought in by the jury against Ripepi. Casey set $5,500 for his fee; costs and other expenses amounted to $110.50. This suit was then brought, and the district court granted all the relief sought.

We are first asked to consider whether the notice given by Ripepi to his insurance company after he had received the suit papers conformed to the following

applicable provisions of the insurance policy:

"9. Notice of Accident. When an accident occurs written notice shall be given by or on behalf of the insured to the Company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

■ The record clearly indicates that notice was given to the insurance company as soon as Ripepi acquired information indicating that the accident was caused by something on his premises and not on the truck. Thus, it was given "as soon as practicable." It would be an unusual man who would regard himself as bound to report an accident he had observed or heard about unless there was about it something which might render him liable. Thus the cases which have been cited to us as holding that the notice provision of an insurance contract was not complied with in a particular fact situation uniformly involve situations where, in the face of facts which might indicate that he was liable, the insured made a judgment, factual or legal, that he was not. Jeannette Glass Co. v. Indemnity Ins. Co., 370 Pa. 409, 88 A.2d 407 (1952); The Housing Authority of the City of Allentown v. The Employers' Liability Assur. Corp., 232 F.2d 932 (C.A.3, 1956); Farmers National Bank of Ephrata v. Employers Liability Assur. Corp., 414 Pa. 91, 199 A.2d 272 (1964); Hackmeister, Inc. v. Employers Mutual Liability Ins. Co., 403 Pa. 430, 169 A.2d 769 (1961). The situation here is quite unlike that in those cases. The only thing Ripepi knew at the time of the accident in this case is that a man had fallen off a truck outside his premises and had landed on the floor inside. He had no indication that the accident was caused by the presence of a deleterious substance; neither did he know that Smiechowski had been in the plant prior to the accident. Ripepi obviously made no judgment relating to his liability because there were no facts known to him which would bring such a question to his mind. He was only informed of the possibility of legal liability flowing from the accident when he was served with the papers in Smiechowski's action. At that point he gave timely notice to the insurance company.

Appellant insurance company next contends that the insured cannot recover because the insurer is only liable "to pay * * * all sums which the insured shall become legally obligated to pay as damages * * *." Appellant now seeks to show that Smiechowski's suit in the Court of Common Pleas did not rise to the dignity of a *prima facie* case and that if Ripepi's counsel had chosen to fight rather than settle he would have won a compulsory nonsuit. The judgment which resulted from that suit was, therefore, not one which Ripepi was legally obligated to pay within the terms of the contract.

■■ All this, it is clear to us, misses the point. Even if we assume *arguendo* that "legally obligated" refers to a requirement that the plaintiff have a cause of action rather than the legal obligation to pay connected with a judgment, we are no closer to agreeing with the appellant. The insurance company has a duty to defend the claim, and its failure to do so, even if in good faith, does not relieve it of the consequences of breaching that duty. Gedeon v. State Farm Mut. Auto. Ins. Co., 410 Pa. 55, 188 A.2d 320, 322 (1963). Ripepi, having been forced to assume the company's duty, is obviously required only to carry it out in a reasonable and proper manner. See Murphy & Co. v. Manufacturers' Casualty Co., 89 Pa.Super. 281, 286–287 (1926).

■ It is clear that Ripepi's defense, carried out by an experienced member of the Allegheny County bar, was conducted well within the limits of counsel's discretion. Smiechowski's complaint stated facts which, if proved, would have re-

quired a verdict in favor of the plaintiff. It is now said that a compulsory nonsuit would have had to be entered against Smiechowski because no evidence of notice to Ripepi of the cause of the accident was or could have been presented. This position is taken in spite of the fact that two judges of the Court of Common Pleas, one at pre-trial and the other at the trial itself, indicated that they thought the cause would go to the jury. Smiechowski's deposition presented in evidence in the district court proceedings here was to the effect that he had seen the substance on the ground at the warehouse many times before. What other evidence might have been brought in it is difficult now to show. Appellee's attorney, acting in the management of particular litigation and guided by the wisdom derived from years of experience at the bar, deemed it to be in the best interests of his client to agree to settle at the small figure agreed upon. The wisdom of his decision cannot validly be challenged. Appellant wishes us, by the use of hindsight, to speculate what evidence might have been presented in the Common Pleas action and determine whether, on the basis of such evidence, a compulsory nonsuit would have been required. This is well beyond our present competence and the requirements of the law.

On the other hand, if we were to assume, as seems more natural, that the term "legally obligated" in the insurance contract comprehends the legal obligation which flows from a judgment, the matter is much more easily resolved, for it is obvious that Ripepi is "legally obligated" to pay the consent judgment entered in Common Pleas Court.

Having determined that the insurance company was obligated to defend the suit and being so obligated is now obliged to pay the amount of the judgment obtained in it, it only remains to be determined whether the $5,500 counsel fee is reasonable. Appellee, on his part, takes the position that where, as here, the insurance company has failed to fulfill its duty to defend, it is required to pay what was charged to the appellant whether reasonable or not.

It is obvious that the insurance company, whose refusal to defend here was in good faith, cannot be required to pay an outrageous counsel fee. McRoberts v. Burns, 348 Pa. 166, 34 A.2d 519, 522 (1943). On the other hand, it seems to us that the fee charged here, although high, is within the bounds of reason.

■ Testimony was offered at the trial by William J. Lancaster, Esquire, for the insurance company to the effect that $1,200 to $1,500 was a reasonable fee for the services involved in handling the suit against Ripepi. His testimony was, however, apparently based on an hourly computation alone. Casey testified that the fee charged was commensurate with fees charged other clients for such matters and that many hours were spent on the case, but that he made no attempt to base his fee on an hourly or daily basis. He did consider the result obtained, the amount involved, and the amount of time it took him away from other work. All of these are factors permitted to be considered by the Canons of Professional Ethics of the American Bar Association. Canon 12.[1] We think that Casey, given his concededly high standing at the bar, was within proper bounds in arriving at his fee, particularly in view of the small settlement secured.

In his testimony on his work on the earlier case, Casey has admitted that he fully researched the possible responsibility for the defense and liability for the judgment of the insurance company. On the basis of this, appellant alleges that what Casey has in fact done is charge the insurance company for his work on both that case and this. We find nothing of the sort. It is obvious that in defending the earlier case, Casey would, as

[1]. These Canons have been made effective by the Supreme Court of Pennsylvania as standards for attorneys of the courts of Pennsylvania. Pa.R.C.P. No. 205, 12 P.S. Appendix (1939).

he testified, wish to know whether the insurance company could be brought in or sued later. Time expended in determining this was clearly properly spent, for it is attributable to and made necessary by the failure of the insurance company to defend.

The judgment of the district court will be affirmed.