Walter **HAWTHORNE**

v.

**LIBERTY MUTUAL INSURANCE CO.**

Civ. A. No. 42932.

United States District Court,
E. D. Pennsylvania.

Feb. 25, 1971.

Joseph F. Ricchiuti, Liebert, Harvey, Herting, Short & Lavin, Philadelphia, Pa., for plaintiff.

Edward W. Madeira, Jr., Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

VAN ARTSDALEN, District Judge.

This is an indemnity action by Walter Hawthorne against the Liberty Mutual Insurance Company, hereinafter called "Liberty Mutual", to recover the amount of a judgment entered against Walter Hawthorne in the case of William W. Simms, Limited Administrator of the Estate of William W. Simms, Jr., Deceased v. Robert Hawthorne, Inc., Defendant and Third-Party Plaintiff vs. Walter Hawthorne, Third Party Defendant. C.A. No. 24187. In that action then District Judge Van Dusen entered judgment by agreement of counsel in favor of plaintiff against Robert Hawthorne, Inc., and in favor of Robert Hawthorne, Inc., against third party defendant, Walter Hawthorne. Walter Hawthorne presently claims to be an insured of Liberty Mutual and as such entitled to require Liberty Mutual to satisfy the judgment and pay the various costs of this litigation. Jury trial being waived by counsel, the case was tried by the Court.

## FINDINGS OF FACT

1. On February 28, 1957, William W. Simms, Jr., was killed when he was struck by a bucket of cement which was being lowered into a construction excavation site at Broad and Spring Garden Streets in Philadelphia, Pennsylvania. Simms was employed by John McShain Company, the general contractor of the construction. The crane that was lowering the bucket of cement was owned by Robert Hawthorne, Inc., and it had been leased to John McShain Company together with the crane operator, Walter Hawthorne, who is the plaintiff in this action. (Walter Hawthorne is the son of the founder of Robert Hawthorne, Inc., but he does not in any way participate in the management or operation of the corporation.) At the time of the fatal injury, the crane was being used to unload cement from a truck owned by Warner Cement Company, hereinafter called "Warner".

2. Walter Hawthorne informed his employer, Robert Hawthorne, Inc., of the "accident" on the day of the occurrence.

3. United States Casualty insured Robert Hawthorne, Inc., and Liberty Mutual insured Warner.

4. On February 26, 1958, the Limited Administrator of the Estate of William W. Simms, Jr., started suit against Robert Hawthorne, Inc. (C.A. No. 24187).

5. On March 10, 1958, United States Casualty informed Liberty Mutual of the action (C.A. No. 24187) by letter to Warner, dated March 5, 1958, which was forwarded by Warner to Liberty Mutual.

6. On April 6, 1959, Robert Hawthorne, Inc., filed a third party complaint against Walter Hawthorne, third party defendant.

7. On April 9, 1959, Walter Hawthorne notified Liberty Mutual and asked it to assume his defense.

8. On August 7, 1961, United States Casualty instituted an action for a declaratory judgment (C.A. No. 30057) against Liberty Mutual claiming, *inter alia*, that Liberty Mutual was primarily responsible for the defense of Robert Hawthorne, Inc., and Walter Hawthorne in the Simms case (C.A. No. 24187) because they were insureds of Liberty Mu-

tual under the omnibus clause of Liberty Mutual's insurance policy with Warner.

9. On August 29, 1962, District Judge Wood granted Liberty Mutual's Motion for Summary Judgment in C.A. No. 30057 on the grounds that United States Casualty, Robert Hawthorne, Inc., and/or Walter Hawthorne failed to give timely notice of the "accident" to Liberty Mutual.

10. On October 11, 1962, judgment, by consent, was entered in the case of William W. Sims et al. v. Robert Hawthorne, Inc. (defendant) v. Walter Hawthorne (third party defendant), C.A. No. 24187, in favor of plaintiff against defendant, and in favor of defendant against the third party defendant.

11. On June 13, 1967 (almost 5 years later), Walter Hawthorne instituted the present action.

## DISCUSSION

By way of defense, Liberty Mutual raises three issues:

a. Walter Hawthorne is not an "insured" of Liberty Mutual under the Warner policy because he was not "unloading" the Warner Company cement truck. (Liberty Mutual agrees that if Walter Hawthorne was "unloading" the described vehicle, as the word is meant in the insurance policy, he would be an insured under the omnibus clause of the Warner policy.)

b. Assuming that Walter Hawthorne was its insured, the doctrine of *res judicata* precludes him from this action because of the order of District Judge Wood granting Summary Judgment in U. S. Casualty v. Liberty Mutual, C.A. No. 30057. (Liberty Mutual contends that the same parties litigated the same issues in that action.)

c. Assuming that Walter Hawthorne is its insured and further assuming that the doctrine of *res judicata* does not ap-

ply, Walter Hawthorne failed to give timely notice of the "accident" as required by the Warner policy.

Having heard oral argument and having carefully considered all the evidence and reviewed the records submitted into the evidence, I reach the independent conclusion that Walter Hawthorne did not give timely notice to Liberty Mutual and that defendant is, therefore, entitled to judgment. Upon reaching this conclusion, the first two issues above set forth become unnecessary to decide, and are, therefore, not determined.

The policy, under which plaintiff claims, contains a somewhat standard condition requiring notice of an accident to be given "as soon as practicable".[1] Under Pennsylvania law, which clearly applies in this case, such notice provisions are strictly enforced.

> "The 'reasonable notice clause' is designed to enable an insurer to investigate the circumstances of an accident while the matter is fresh in the minds of all, and to be able to make a timely defense against any claim filed. Bartels Brewing Company v. Employers' Indemnity Company, 251 Pa. 63, 95 A. 919 (1915). The possibility that a settlement or a verdict more favorable to an insurer might be achieved if prompt notice had been received by it, cannot be discounted. Therefore, a contract requirement that notice given to the insurer within a reasonable time will be strictly enforced." Hachmeister, Inc. v. Employers Mutual Liability Insurance Company of Wisconsin, 403 Pa. 430, p. 433, 169 A.2d 769, p. 770 (1961).

In Western Freight Ass'n. v. Aetna Casualty and Surety Co., 255 F.Supp. 858, p. 862 (W.D.Pa.1966), the Court applying Pennsylvania law held that the notice requirement was applicable to any additional insured under an omnibus clause, but that notice by the named in-

---

1. "When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

sured was sufficient if the additional insured were properly identified in the notice.

██ Plaintiff claims that he did not know of the existence of the Warner policy and did not know that the policy might provide coverage for him. Thus, plaintiff contends that his lack of knowledge excuses the obligation to give prompt notice. In Unverzagt v. Prestera, 339 Pa. 141, 13 A.2d 46 (1940), the Court stated that lack of knowledge of the existence of the policy was an extenuating circumstance which excuses a delay in notice as a matter of law, *provided* that the insured is not guilty of a lack of due diligence in discovering what, if any, insurance exists.

Under the facts presented in this action, Walter Hawthorne told his employer about the accident the day of its occurrence, but made no other inquiries of anyone as to what insurance, if any, might cover him. There is no indication anywhere that Liberty Mutual was ever aware of the accident until over one year after its occurrence when it was notified by United States Casualty.[2] Further, the record does not indicate that Walter Hawthorne was even at that late date identified in such notice. Walter Hawthorne did not directly notify Liberty Mutual until April 9, 1959, over two years after the accident.[3]

In the *Unverzagt* case, *supra*, the Court was dealing with a delay of about 4 months and it found that the defendant did not exercise due diligence. In this case the delay was at least one year and there is no indication of due diligence nor any explanation for failure to notify except lack of knowledge. Plaintiff cites Home Indemnity Company v. Ware, 285 F.2d 852 (3rd Cir. 1960), as authority for the proposition that where the policy does not plainly afford coverage for an accident, the insured is excused for delaying the giving of notice. In that case Ware's stepson stole the car of a neighbor and injured others while driving it. There was doubt as to whether under the law, Ware's policy would afford coverage. Ware did not notify his insurance company for about 2½ months and the Court held that under the circumstances the delay was not unreasonable. That case is not authority for the contention that under the circumstances of this case, the delay was reasonable.

Plaintiff's lack of knowledge of possible coverage does not excuse his obligation to notify within a reasonable time. He failed to exercise due diligence (or in fact any diligence) to determine what, if any, coverage existed as to him. Unverzagt v. Prestera, *supra*. Consequently, independently of Judge Wood's decision, I similarly conclude that notice to Liberty Mutual was not timely made and, consequently, that plaintiff is not entitled to recover.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the subject matter and the parties, there being requisite diversity of citizenship and proper jurisdictional amount in controversy; and, venue is properly within this District.

2. Pennsylvania law is applicable to this case.

██ 3. Pennsylvania law strictly construes notice provisions in insurance contracts.

4. The requirement in the insurance contract to give timely notice of an accident is applicable to plaintiff.

██ 5. A lack of knowledge of the existence of an insurance policy may excuse a delay in giving notice provided the "insured" exercises due diligence to discover what, if any, coverage is applicable to him.

6. Under the circumstances of this case, the delay was unreasonable, and not excused.

2. See Finding of Fact No. 5.

3. See Finding of Fact No. 7.