**LIBERTY MUTUAL INSURANCE CO.**

v.

**HAECKER INDUSTRIES, INC.**
and
**Acme Markets, Inc.**
and
**Liverpool, London and Globe Insurance Co. (Royal-Globe Insurance Co.).**

**Civ. A. No. 43232.**

United States District Court,
E. D. Pennsylvania.

April 30, 1971.

Edward W. Madeira, Jr., Pepper, Hamilton & Scheetz, Philadelphia, Pa., for plaintiff.

Edward Fackenthal, Henderson, Wetherill, O'Hey & Horsey, Norristown, Pa., Stephen A. Cozen, Philadelphia, Pa., for defendant.

## FINDINGS OF FACT OPINION CONCLUSIONS OF LAW

VanARTSDALEN, District Judge.

### FINDINGS OF FACT

1. A fire occurred on the premises owned by Haecker Industries, Inc., and Haecker Realty Company (hereinafter called "Haecker"), located at 1415 North 31st Street, Philadelphia, Pennsylvania, on September 14, 1965.

2. That fire completely destroyed the Haecker property and damaged an adjoining building owned or leased by Acme Markets, Inc. (hereinafter called "Acme").

3. Haecker is a Pennsylvania corporation, and Liberty Mutual Insurance Co. (hereinafter called "Liberty Mutual") is a Massachusetts corporation, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

4. Liberty Mutual was the liability fire insurance carrier for Haecker at the time of the fire.

5. The Liberty Mutual policy in force at the time of the fire contained the standard notice provision.

"NOTICE OF ACCIDENT. When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonable obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

6. Sometime in September, 1965, after the fire, Mr. George Fair, a Haecker employee, sent the following form letter to its creditors and Liberty Mutual:

"Liberty Mutual Insurance
15 Esso Road
Bala-Cynwyd, Pa.

"Gentlemen:

"On Tuesday, September 14, fire completely destroyed our factory and office at 1415–33 North 31st Street.

"Since all our records were destroyed, we must ask your help.

"Will you please send us, as soon as possible, an itemized statement of our account with your company from April 30, 1965 to date together with duplicate copies of any open invoices.

"Please send this information to us at

P.O. Box 3256
Philadelphia, Pa. 19121

"As soon as we have a new location, we will forward our new address to you.

"Thank you in advance for your cooperation in this matter.

Very truly yours,
HAECKER INDUSTRIES, INC.
/s/ George Fair
George Fair, CPA"

7. On October 29, 1965, Liberty Mutual acknowledged Haecker's September letter by sending statements of account.

8. A fire marshal's investigation was conducted and a report made on October 8, 1965, wherein the official cause of the fire was stated to be unknown and a probable cause of the fire was noted as possible careless smoking habit of one of the Haecker employees.

9. No Haecker employee had seen the fire marshal's report prior to the time that Acme started suit against Haecker.

10. Sometime after the fire, Haecker employees and Mr. Haecker noticed smoke discoloration to the Acme property but they did not investigate as to any possible further damages.

11. The fire marshal's report did indicate damage to surrounding properties. However, it did not indicate the extent of this damage.

12. In late 1965, probably late November or early December, Haecker discussed Workmen's Compensation Insurance with a representative of Liberty Mutual. It is uncertain as to whether the liability aspects of the fire were discussed.

13. On December 22, 1966, Acme, through its attorney, notified Haecker that it intended to sue Haecker for fire damages to its property caused by the fire of September 14, 1965.

14. Haecker, through its attorney, notified Liberty Mutual of the Acme claim on December 29, 1966.

15. On January 4, 1967, Liberty Mutual acknowledged Haecker's letter of December 29, 1966. Liberty Mutual's letter contained a reservation of rights clause.

16. On June 8, 1967, Liberty Mutual, after investigating the fire, notified Haecker that it was denying coverage because it claimed Haecker did not give timely notice of the fire.

17. On October 11, 1967, Acme began suit against Haecker claiming damages of $19,160.34.

18. On July 28, 1967, Liberty Mutual instituted the present declaratory judgment action.

19. On September 20, 1967, Haecker filed a motion for summary judgment in the present action.

20. On May 2, 1968, Haecker's motion for summary judgment was denied in an opinion by Judge Masterson which noted that there were unresolved questions of fact.

21. Mr. John Wolf, an employee of Liberty Mutual and the salesman who sold and serviced the policies to Haecker, knew of the fire the day it occurred and discussed it with people who knew about it. (Deposition of John Wolf, p. 14).

## DISCUSSION

This matter was tried non-jury. Before the Court are the trial deposition, notes of testimony and briefs of counsel.

Liberty Mutual claims it is entitled to judgment because the Haecker letter, received by it sometime in September 1965 was not a sufficient notice of the accident as required by their policy. Liberty Mutual further claims that Haecker was put on notice of possible claims by the fire marshal's report of October 8, 1965, and thus its delay of almost 16 months in reporting the Acme claim cannot be excused.

The issues are whether the Haecker letter sometime in September of 1965 was a sufficient notice of the accident and, if not, was the 16 month delay in reporting the Acme claim excused by a lack of knowledge of the possibility of that claim. If Haecker did not or could not have known of the Acme claim prior to Acme's letter of December 22, 1966, then Haecker's notice to Liberty Mutual on December 29, 1966, was timely and sufficient even if the Haecker September letter was not a sufficient notice. Ripepi v. American Insurance Co., 349 F.2d 300 (3rd Cir. 1965).

██ Pennsylvania law is applicable to this case and Pennsylvania law is clear that notice provisions in liability insurance policies will be strictly construed. Hachmeister, Inc. v. Employers Mutual Liability Insurance Company of Wisconsin, 403 Pa. 430, 169 A.2d 769 (1961). Walter Hawthorne v. Liberty Mutual Ins. Co., D.C., 322 F.Supp. 1096, 1971. The reason for the strict construction of the notice provision is to enable the insurance company to investigate the circumstances of the accident while the matter is fresh in the minds of all concerned and enable them to make a timely defense to any claim filed. *Hachmeister, supra.*

██ It appears to me that the Haecker letter in September was such notice as contemplated in *Hachmeister.* The letter was designed to notify customers and creditors of the fire. It mentions the time and place of the fire and its location. Further, the words "completely destroyed" give all that anyone could ask for by way of information that was available at the time.

It further appears that the fire was given extensive news coverage and at least one Liberty Mutual employee knew about it. At the time the letter was sent the cause of the fire was unknown, also the extent of damage to other buildings was unknown.

Under Pennsylvania law, what is sufficient notice necessarily depends on the circumstance of each case. Under the facts as I find them to be, the aforementioned letter which was received by Liberty Mutual was sufficient and timely, and designed to enable them to investigate the circumstance while the matter was fresh in the minds of all concerned.

In the view I take of this case, it is unnecessary to discuss what Haecker should have done subsequent to the first notice.

Judgment is entered for the defendants.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the subject matter and the parties, there being requisite diversity of citizenship and proper jurisdictional amount in controversy; and, venue is properly within this District.

2. Pennsylvania law is applicable to this case.

3. Pennsylvania law strictly construes notice provisions in insurance contracts.

**492**

4. The requirement in the insurance contract to give timely notice of an accident is applicable to plaintiff.

5. The notice given by Haecker to Liberty Mutual in its letter "sometime in September of 1965" was a timely and sufficient notice.

### ORDER

And now, to wit, this 30th day of April, 1971, judgment is entered in favor of defendants and against plaintiff.