**HARTFORD FIRE INSURANCE COMPANY**

v.

**LEONARD KUNKIN ASSO-CIATES, INC.**

Civ. A. No. 74-1744.

United States District Court,
E. D. Pennsylvania.

April 11, 1975.

· Joseph P. Green, Krusen, Evans & Byrne, Philadelphia, Pa., for plaintiff.

Jerome E. Ornsteen, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for defendant.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

Plaintiff brought this action seeking a declaratory judgment[1] that it has no obligation or liability to defendant in connection with a lawsuit brought against defendant by William L. Lewis, Jr. We have jurisdiction under 28 U.S.C. § 1332. All the relevant facts are either stipulated or appear in depositions. We have concluded that plaintiff is entitled to the declaratory judgment it seeks.

Defendant is a subcontractor which was hired to reconstruct St. Monica's Church in Philadelphia, Pennsylvania. Defendant further subcontracted with S. A. Lindstrom Co. for the erection of structural steel fabricated by defendant. On May 5, 1971, William L. Lewis, Jr., an employee of S. A. Lindstrom Co., fell from a steel beam to the ground and was injured. On or about April 12, 1973, Lewis instituted suit against defendant in the Court of Common Pleas of Philadelphia County. Following notice of service of suit papers, defendant notified plaintiff, with whom it had a bodily injury liability insurance policy, of the accident and suit. Lewis's suit is still pending in the Court of Common Pleas.

Plaintiff relies on the following provision contained in its insurance agreement with defendant for its contention that it owes no obligation to defendant in connection with the Lewis suit:

"E. NOTICE OF OCCURRENCE: When an occurrence takes place, written notice shall be given by or on behalf of the Insured to this Company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the Insured and also reasonably obtainable information respecting

---

I. 28 U.S.C. § 2201.

the time, place and circumstances of the occurrence, the names and addresses of the injured and of available witnesses."

Plaintiff argues that defendant did not notify it of the Lewis accident "as soon as practicable." Defendant contends that it had no knowledge of facts which would indicate its possible liability to Lewis until it received notice of his suit.

Defendant concedes that notice provisions in liability insurance policies are to be strictly construed in order to allow the insurance company to conduct an investigation while the facts are still fresh in the minds of those involved. Liberty Mutual Insurance Co. v. Haecker Industries, Inc., 326 F.Supp. 489 (E.D. Pa.1971). Whether a requirement that an occurrence be reported "as soon as practicable" is satisfied "depends upon the facts and circumstances of each individual case." Frey v. Security Insurance Co. of Hartford, 331 F.Supp. 140, 143 (W.D.Pa.1971).

After examining the depositions of Leonard Kunkin, defendant's president, and Bertram Kunkin, defendant's treasurer, we have concluded that defendant did indeed have knowledge of facts sufficient to apprise it of the question of liability. Leonard Kunkin testified that he was informed of the Lewis accident "within a couple of days after it happened" and that Lewis "had fallen from one of the trusses and had fallen onto the concrete floor" at the job site. Bertram Kunkin learned "close to in days to when the accident happened" that Lewis "had fallen backward off of a purlin" ("a small beam") which "had twisted on him."

Defendant based its decision not to report the accident to plaintiff on its own conclusion that it had done nothing for which it could be held liable. However, it is established that "it is not for the insured to determine its liability in such a situation and [its] erroneous assumption will not excuse the delay in reporting the accident." Hachmeister, Inc. v. Employers Mutual Liability Insurance Co., 403 Pa. 430, 434, 169 A.2d 769, 771 (1961). *See also* Jeannette Glass Co. v. Indemnity Insurance Co., 370 Pa. 409, 88 A.2d 407 (1952).

Defendant relies on Ripepi v. American Insurance Co., 349 F.2d 300 (C.A.3, 1965), in support of its contention that it had no obligation to report the accident. The Ripepi case is distinguishable, however, because the insured there had no knowledge that his property was involved in the accident. In Ripepi, the person injured fell off his own truck onto the insured's property. Only seventeen months later when the insured was sued by the injured man did the insured learn that there was an allegation that substances from the insured's warehouse had accumulated on the injured person's shoes so as to cause him to slip. The insured had no previous knowledge that the injured man had even been in the insured's warehouse before the accident.

In the present case, however, officers of the insured company were aware that Lewis had fallen from a steel beam fabricated by the insured. Furthermore, Lewis was an employee of a company hired by defendant to complete a portion of a job which defendant had contracted to undertake. We have no difficulty in concluding that, in these circumstances, defendant was not justified in relying on its own conclusion of non-liability and that an almost two-year delay in reporting the occurrence of an accident violated the terms of the notice provision. Therefore, plaintiff has no obligation to defendant under the insurance policy in connection with Lewis's suit against defendant.

We shall enter judgment for plaintiff.